Gaston, Judge,
 

 after stating the case as above, proceeded as follows; — Several points were made here in
 
 *362
 
 support of the opinion below: but we deem it necessary to notice one only, for that appears to us to be decisive.
 

 The condition is not for the payment of such damages as shall be
 
 sustained
 
 by the plaintiff for wrongfully instituting the suit in equity, but for the payment of such as shall be
 
 recovered
 
 by the plaintiff for wrongfully instituting the suit. The obvious and unambiguous meaning of this condition is, that the obligors guaranty the amount of any judgment which the plaintiff may obtain in an action to be brought against the complainants for the injurious institution of their suit. There can be no question, but that conditions shall be so expounded as to serve the intent of the parties; and that when that intent can be satisfactorily collected from the instrument, it'shall not be defeated, by an adherence to the mere letter. But what is there upon this instrument, to warrant the inference of any other intent than that which it so distinctly expresses? It is argued, that the intent
 
 expressed
 
 is absurd. Were it so, we should have
 
 great
 
 difficulty in implying an intention contrary to, or different from that expressed ; but it does not appear to us absurd. The bill filed prayed for a writ very similar in its operation to an attachment at law ; and it was reasonable to require, upon issuing such a writ, an indemnity from injury, analogous to that which the law provides on, issuing attachments. In these cases it is enacted, act of 1777,
 
 (Rev. c.
 
 115, sec. 26,) that every justice, before issuing the attachment, shall take bond and security conditioned for satisfying “ all
 
 damages
 
 which shall be
 
 recovered
 
 against the plaintiff
 
 in any suit or suits which may he brought against him
 
 for wrongfully suing out such attachment.” It is impossible to doubt the meaning of the terms here employed : and it is manifest, that a condition thus expressed is not broken until after a judgment obtained in an action for wrongfully suing out the attachment, and a refusal or neglect of the obligors to pay the damages recovered in such judgment. The term “ recovered,” in" the condition of the bond under consideration, means the same with “ recovered” in the condition of an attachment bond prescribed by the statute, and its meaning in the latter, is fixed,
 
 *363
 
 beyond controversy, by the words immediately following. We hold, also, that the words “ for wrongfully bringing suit in the Court of Equity,’’must be interpreted as .the analogous words in the condition of an attachment bond have been interpreted — the bringing of a suit maliciously, and without probable cause.
 
 Williams
 
 v.
 
 Hunter,
 
 3 Hawks, 345. It would be premature in us to decide what evidence would be demanded of the plaintiff in an action on the. case, to sustain the allegation that the bill in equity had been instituted for the purpose of oppression and wrong, but we perceive no more difficulty in establishing the allegation, if true, than there was in the case of
 
 Hackney
 
 v.
 
 Mathews,
 
 which was brought for maliciously impleading the plaintiffin the Ecclesiastical Court: 1 Vent. 86; 2 Inst. 562: or in the case of
 
 Brown
 
 v.
 
 Chapman,
 
 for maliciously suing out a commission of bankruptcy. 1 Black. Rep. 427. An action on the case lies against any person who maliciously and without probable cause, prosecutes another
 
 before any tribunal,
 
 and thereby subjects him to an injury, either in his person, property or reputation. The purpose of the bond in this case, was to secure the plaintiff against the inefficiency of this common law remedy, if the complainants in the suit in equity sdiould be unable to respond the damages.
 

 A court of law can determine whether a’ suit in equity was wrongfully brought or not.
 

 An action on the ease lies against any person who maliciously and without probable cause prosecutes another
 
 before any
 
 tribunal, and thereby subjects him to an., injury, either in his person, property, or reputation.
 

 Per Curiam. Judgment affirmed.