MULLER *et al.* v. FERN *et al.*

Injunction: MEASURE OF DAMAGES. In an action on an injunction bond the plaintiffs are entitled to recover for the loss of time occasioned by the injunction at the usual rate of wages, provided they used diligence to secure other employment during such period. In the absence of all evidence that plaintiffs used such diligence a judgment in their favor should be reversed.

*Appeal from Dubuque Circuit Court.*

TUESDAY, DECEMBER 12.

ACTION at law to recover damage sustained by plaintiffs by reason of an injunction issued at the suit of a part of the defendants restraining plaintiffs from working certain lead mines. The action is brought upon the bond executed in the injunction suit. The petition shows that the injunction was dissolved and the action dismissed. There was a general verdict for plaintiffs for $796, and a special verdict in answer to certain interrogatories propounded to the jury. Judgment was rendered upon the verdicts for plaintiffs. Defendants appealed.

*De Witt C. Cram* for the appellants.

*H. B. Fouke* and *Wilson & O'Donnell* for the appellees.

BECK, Ch. J. — The plaintiffs were restrained by the injunction from prosecuting work in a lead mine, and, as they claim, were kept out of employment a long time. The loss of their time while thus unemployed is made the foundation of a claim for damages. Recovery is also claimed upon other grounds. There is evidence to show that, for a certain number of days while the injunction was in force, plaintiffs were employed at other work, but for the greater part of the time were idle. The value of the labor per day was shown. The court instructed the

jury that the plaintiffs were entitled to recover for the loss of time at the usual rate of wages, provided they had used diligence to secure other employment during the time they were idle after the injunction was issued and before it was dissolved. The instruction announces a correct rule of law. But it is claimed by defendants that there was no evidence to show that diligence had been used by plaintiffs to obtain other employment, and for this reason the verdict of the jury is in conflict with this instruction. The objection we think is well taken. There is an utter absence of evidence required by this instruction. The plaintiffs made no attempt to prove that they had used any efforts to obtain employment; no diligence in this direction is shown by the record. The verdict, therefore, being in this respect unsupported by the evidence, ought to have been set aside by the court below upon defendants' motion for a new trial.

There are many other grounds of error assigned by defendants' counsel, and quite a number are presented and discussed in his brief, all of which we have carefully considered. But, with the exception stated, the rulings complained of are in our opinion correct. They do not demand further notice, as the judgment on account of the error above pointed out must be

Reversed.