ISABELLA BURNETT and others v. THOMAS W. NICHOLSON
and others.

### Damages—Restraining Order.

The defendant under an injunction or restraining order can only re-
cover damages upon the dissolution of the one or the vacation of the
other, by showing want of probable cause for the plaintiff's action,
or malice in its legal acceptation as applicable to such cases.

(*Williams* v. *Hunter*, 3 Hawks 545; *Kirkham* v. *Coe*, 1 Jones 423;
*Davis* v. *Gully*, 2 Dev. & Bat. 360; *Falls* v. *McAffee*, 2 Ire. 236, cited,
commented on and approved.)

MOTION by defendants heard at January Special Term,
1878, of HALIFAX Superior Court, before *Schenck, J.*

The material facts appear in the opinion. The defen-
dants moved to have the damages alleged to have been sus-
tained by them, by reason of the issuing of a restraining
order, assessed by a jury; which motion was refused by
His Honor, who held that if they were entitled to damages,
their remedy was by an action for malicious prosecution
which would not lie until final judgment in this cause, from
which ruling the defendants appealed.

*Messrs. Spier Whitaker* and *J. B. Batchelor*, for plaintiffs.
*Messrs. Mullen & Moore* and *Walter Clark*, for defendants.

SMITH, C. J. The plaintiffs were the owners of a public
grist mill on the waters of Fishing creek and brought their
action to restrain the defendants from constructing a dam
and erecting another mill on the same stream about eleven
hundred yards below, on the ground that the water would
be ponded back and interfere with or obstruct the opera-
tions of their mill and that the public health would be also
endangered. On application to the Judge for an injunction
he appointed a time and place, of which notice was to be

given the defendants where he would hear the motion, and meanwhile he issued a restraining order and suspended all further work on the dam.' On hearing the motion and numerous conflicting affidavits as to the effect upon the plaintiff's mill of the proposed dam, the Judge refused the motion, discharged the restraining order, and·directed a reference to the clerk to ascertain the injury done to the defendants by the restraining order under which they were compelled to discontinue their work,

On appeal this ruling was affirmed in the Supreme Court at January Term, 1875. At Fall Term, 1876, the referee made his report ascertaining the defendants' damages to be seven hundred and eighty three dollars. To this exception was made and a jury trial demanded by plaintiffs. At January Term, 1878, on the defendants' motion to have their damages arising from the restraining order assessed by a jury, the Court adjudged that the defendants were not entitled to recover their alleged damages, at least at this stage of the case and in this mode of proceeding, and that they go without day and recover their costs.

To the refusal of the Court to allow them to proceed and assess their damages before the jury, the defendants except and appeal. This is the only point now before us and we are of opinion that there is no error in the ruling of the Court.

When an order granting an injunction is made, it is necessary that the party applying to the clerk to issue it shall first give a written undertaking with sufficient sureties to the effect that the plaintiff will pay to the person enjoined such damages not exceeding a sum to be specified "as he may sustain by reason of the injunction, if the Court shall finally decide that the plaintiff was not entitled thereto." C. C. P., § 192. The Court may however postpone acting upon the application until the persons to be affected can be

heard, and in the meantime restrain the defendant. § 193. In the latter case no such indemnity is required.

We are not prepared to say that in a proper case the defendant may not seek redress for an injury done by such temporary restraining order as well as by an injunction. Both operate in the same way and produce the same results in a greater or less degree. The undertaking required by the statute in one case does not impose any new liability upon the plaintiff, but simply provides an additional security for that which already exists. But in neither case can damages be recovered by a defendant for loss incurred through an action *bona fide* brought and prosecuted by a plaintiff for his relief. The right of a defendant to sue does not depend solely upon the result of the action, but upon the want of probable cause and of good faith in its prosecution. In this respect actions in which an injunction may issue stand upon the same footing as others. There can not indeed be any action in which inconvenience and loss are not sustained by the defendant, but the penalty imposed on the plaintiff is only the payment of the costs of the suit. This will appear from an examination of adjudicated cases.

In *Williams* v. *Hunter*, 3 Hawks, 545, the action was brought to recover damages for suing out an attachment wrongfully, and levying on the plaintiff's mare, and TAYLOR, C. J., said; "I can not distinguish the case from an action for maliciously holding a party to bail or suing out a writ when nothing was due, in which case the action is malice and want of a probable cause. For although the plaintiff in the first action should fail to recover, yet unless it was brought with a view *to oppress the defendant and with a knowledge that he had no sufficient cause of action,* it will not give the injured party a right to sue."

In *Kirkham* v. *Coe*, 1 Jones 423, the doctrine in the above case is so far modified as not to require to be shown the element of malice, and it is said, as the attachment bond re-

quired is to indemnify against wrongfully suing out an attachment, the idea of malice as an essential ingredient of the action is negatived. In delivering the opinion, PEAR-SON, J., thus states the law : "To maintain an action like the present it is sufficient to show a want of probable cause. To maintain an action for slander it is sufficient to show malice. To maintain an action for malicious prosecution both a want of probable cause and malice must be shown."

In *Davis* v. *Gully*, 2 Dev. & Bat. 360, the plaintiff's brought his action on a bond given by the defendant upon suing out a writ to sequester certain slaves in the plaintiffs hands and failed. GASTON, J. in the opinion says : " The words' for wrongfully bringing suit in the Court of Equity' must be interpreted as the analogous words in the condition of an attachment bond, have been interpreted—the bringing of a suit maliciously and without probable cause," and he concluded thus: " The purpose of the bond in the case was to secure the plaintiff against the insufficiency of the common law remedy if the complainants in the suit in equity should be unable to respond in damages."

So in *Falls* v. *McAffee*, 2 Ire., 236 ; the action was upon a bond to indemnify the plaintiffs " for all damages they might sustain by reason of the wrongful suing out of an injunction" by defendants to stop the working of a gold mine. It was proved that in consequence of the injunction the working of the mine had been stopped for three years and by reason thereof the pits had caved in, the ditch filled up, and the work and other implements injured, and that if not restrained the plaintiff would have made during the interval after deducting all expenses a profit of three thousand four hundred dollars. Evidence was offered to show a want of probable cause and malice in the defendant which the Court thought insufficient, but the Court reserved this question, allowed the jury to asses the damages, as they did at two thousand and ninety-four dollars. The Judge

afterwards set aside the verdict and ordered a nonsuit from which there was an appeal. The Court, RUFFIN, C. J. delivering the opinion says: " The counsel for the plaintiff has not contended that the Superior Court erred in its opinion as to the nature of this action, but admitted that *it can only be maintained by showing a want of probable cause for the former suit and also in a legal sense malice in bringing it.*" He then proceeds: " Thus taking it that the ingredient of malice is absolutely negatived, and the present defendants, instead of having brought a groundless suit for the purpose of oppressing the present plaintiffs and subjecting them to losses, appear only to have honestly sought from the preventive justice of the Court a remedy against impending injury to their rights, or supposed rights, until that right could be investigated and established. It has turned out indeed that these parties had not the right they then believed they had, and that the present plaintiffs have sustained a heavy loss from the operation of the process against them. But much as that is to be regretted it can not be repaired in the present action, as the defendants prosecuted that litigation from sound motives, just as much so as the present plaintiffs are now prosecuting their suit. "

The principle thus announced is decisive of our case, for surely, if the defendants were not liable upon such a bond, neither can they be when no bond is given for damages, which it was the very purpose of the bond to secure when the plaintiffs were entitled to recover them. We therefore affirm the judgment.

No error.                                    Affirmed.