## 𝔚ytheville.

### HUBBLE v. COLE.

#### July 9th, 1891.

LANDLORD AND TENANT—*Breach of covenant—Tenant's remedies.*—Tenant was enjoined by landlord from enjoying the rented premises. The injunction was dissolved. In addition to his remedy on the injunction bond, tenant may recover damages by action on the case for the injury done him by being improperly enjoined.

Error to judgment of circuit court of Smyth county, rendered March 12th, 1890, in an action on the case wherein George W. Hubble was plaintiff and M. A. E. Cole was defendant. The declaration having been demurred to and the demurrer sustained, the plaintiff brought the case here on writ of error. Opinion states the case.

*F. S. Blair,* for plaintiff in error.

*St. John* and *Buchanan & Buchanan,* for defendant in error.

LACY, J., delivered the opinion of the court.

This action is covenant, and the declaration set forth that on the 30th day of December, 1881, in the county of Smyth, the defendant leased for the term of five years to the plaintiff, in consideration of the sum of $3,000, to be paid to her as stated in the deed of lease executed by them, certain real estate situated in the said county, with conditions stated and

set forth in said deed; that the plaintiff performed all the covenants of the said deed on his part, but that the defendant did not perform on her part, setting forth the breaches, and by injunction prevented the plaintiff from cultivating the land, etc., and deprived him of the use and profit of the said land mentioned in the declaration from the 28th day of November, 1883, until after the expiration of the lease; that the said injunction was by decree of the Supreme Court of Appeals of Virginia dissolved, and the bill dismissed; and laid his damages at $4,500. The defendant demurred to the declaration, which demurrer the court sustained, and rendered judgment for the defendant, from which judgment the plaintiff applied for and obtained a writ of error to this court. The ground of the court's decision is that the common-law action of covenant will not-lie when the alleged breach was by legal process, as by injunction; that when damage was caused, and the injunction not sustained, the injunction bond furnished the only remedy, all others being merged therein. Mr. High says (High, Inj., § 1648): "Some conflict of authority exists as to whether a defendant in an injunction suit may, by an action on the case, recover damages for having been enjoined without cause; and the rule has been broadly stated that no such right of action exists. The better doctrine, however, seems to be that defendant's right of action at common law is not merged in the remedy upon the bond, and that an action in the case will lie;" citing *Cox* v. *Taylor*, 10 B. Mon. 17. Mr. Barton says in his Chancery Practice (page 478): "The right to damages upon the dissolution of an injunction is independent of any statutory provision upon the subject, and amid some conflict of the decided cases it is said that this right-is cumulative of, and in addition to, the right of action at law upon the injunction bond. While the court decrees damages upon the dissolution, it cannot go beyond the injunction bond, so far as the penalty is fixed therein, and, when damages have been thus awarded, the decree of the court is conclusive as to

the amount which can be recovered in an action on the bond; but not so the right of action on the contract, whose covenants have been broken." Mr. Lawson says (Lawson's Rights, Rem. & Pr., § 3704) : "It is now held that the defendant in an injunction suit has a common-law right of action to recover damages for having been improperly enjoined in addition to his remedy upon the bond." *Mitchell* v. *Railroad Co.*, 75 Ga. 398; *Manlove* v. *Vick*, 55 Miss. 567; *Gorton* v. *Brown*, 27 Ill. 489; *Iron Mountain Bank* v. *Mercantile Bank*, 4 Mo. App. 505; *Hayden* v. *Keith*, 32 Minn. 277, 20 N. W. Rep. 195. In some of the states this matter is regulated by statute, and it is provided by law that before decree defendant may file his account for all damages, and have them in that suit allowed; but when there is no specific mode prescribed by the statute of assessing damages, and no such provision exists by statute, the right of action at law is in addition to the remedy upon the bond. The declaration states a good cause of action, and the demurrer should have been overruled. The defendant was undoubtedly bound by her deed; and if, without sufficient cause (and the dissolution of the injunction and dismissal of the bill is conclusive of that), the defendant deprived the plaintiff of the benefits and profits accruing to him thereunder, she should undoubtedly respond in damages. The judgment appealed from is erroneous, and the same will be reversed and annulled, and the cause remanded for a new trial to be had therein, when the demurrer must be overruled, and the case proceeded in to final judgment upon the merits.

JUDGMENT REVERSED.