NANSEMOND TIMBER COMPANY v. B. G. ROUNTREE, et al.

(Decided February 22, 1898.)

*Injunction—Voluntary   Nonsuit—Practice—Damages.*

1. Where a plaintiff takes a voluntary non-suit, the judgment is a final
   determination of the matter in issue and, if an injunction has been
   issued, the defendant can have his damages assessed upon motion
   in the cause.

2. Upon the dissolution of an injunction and final judgment against the
   plaintiff no matters can be heard in the assessment of damages
   which constituted a defence to the action.

3. On the dissolution of an injunction by which the defendants were
   enjoined from entering upon the land to cut or remove any timber
   or commit any trespass thereon, they are entitled to recover as
   damages the value of timber cut by them before the injunction
   was served and converted by the plaintiff.

4. One who has been prevented by injunction from prosecuting his busi-
   ness cannot recover for loss of time or employment without show-
   ing that he used diligence in attempting to find other employment
   and failed; and, on the same principle, defendants who were
   enjoined from removing timber from their lands cannot recover
   for the expense of feeding their teams which remained idle where
   there was no evidence that they used diligence in attempting to
   find employment for such teams.

5. The right of the defendants to recover damages against the plaintiff
   and his sureties on an undertaking in an injunction, upon the
   dissolution of the injunction, is, under the provisions of Chapter
   251, Acts of 1893, limited to the penalty of such undertaking.

CIVIL ACTION for damages and injunction tried before
*Brown, J.*, and a jury at Fall Term, 1897, of CHOWAN
Superior Court, on the motion of defendants for assess-
ment of damages resulting from the issuance of the res-
training order. The plaintiff had theretofore submitted to
a non-suit. The plaintiff offered in evidence a deed
for the purpose of proving that, prior to the bringing of
this action, the plaintiff was the owner of the seventeen
acres of the land in dispute which had been conveyed
to it by defendants.

Defendants objected upon the ground that "the plaintiff having submitted to a judgment of non-suit upon the trial of this action, cannot now show title to the land in controversy upon the hearing of the motion for damages upon injunction bond.    1652 High."

The objection was sustained and plaintiff excepted.

It was in evidence that the defendants at the time the injunction was served on them had thirty-three thousand feet of timber cut from said land, lying in the water ready for rafting,  which was worth $4.60 per thousand feet or $151.80, and that the same was lost and sunk and drifted off or was removed by plaintiff while the injunction was in force ; that in addition the defendant had 171 logs amounting to 25,000 feet, worth $44.50, lying in the woods where it was cut, and 178 logs worth $3.50 per thousand and amounting to 25,000 feet, worth $87.50; all of which had been cut down by defendants from the land in controversy before injunction was served or issued; that shortly after injunction served on defendant and while it was in force the plaintiff carried off this timber from where defendants left it when injunction was served and that plaintiff appropriated this timber to its own use.    It was further in evidence that the defendants had eight head of team which they used exclusively in this timber business; that said teams remained idle while this injunction was in force one and two-thirds months in consequence of said injunction, and that it cost one hundred and six dollars to feed them during this time before resuming work.

The plaintiff offered no evidence.

The plaintiff requested the Court to charge:

1.    That the defendants were not entitled to recover for any timber already cut from the land by defendants

which plaintiff removed and appropriated to its own use after injunction was served.

2.    That the defendants were not entitled to recover for the cost of feeding the teams which remained idle pending the injunction and while it was in force.

The instructions were refused. and plaintiff excepted.

3.    That under no circumstances could defendants recover either of plaintiff or the surety upon the injunction bond a sum in excess of three hundred dollars, the penalty of the bond.

The Court refused this as to plaintiff.    Exception.

The jury found, in response to the issues submitted to them, the defendants' damage to be $452.80, which it was admitted was made up of the several items set out in the judgment.    The Court rendered judgment against plaintiff for the sum of $452.80 and against the surety for three hundred dollars.

The plaintiff and sureties excepted and appealed.

*Messrs. Shepherd & Busbee*, for plaintiff (appellant).
*Messrs. Jones & Boykin*, for defendants.

MONTGOMERY, J.:    The plaintiff took a non-suit and at the proper time an issue was submitted to the jury "what damages have the defendants sustained by reason of the wrongful issuing of the injunction in this cause?" In the argument here it was insisted by the plaintiff's counsel that the damages to which the defendants were entitled, if entitled to any, could not be assessed upon a motion in the cause, for the reason that the plaintiff had taken a voluntary non-suit and that therefore there had been no final determination of the matter in issue.    The proceeding, however, was regular. *Railroad* v. *Mining Co.*, 117 N. C., 191.    In that case the court said. "If

the plaintiffs had taken their non-suit of their own motion and without appeal, the judgment being in that case a final one, the plaintiffs would have been compelled then and there to lodge a motion for the assessment of their damages or else have lost their remedy."

The plaintiff offered in evidence, on the inquiry as to damages, a deed for the purpose of showing title in itself to a tract of land, which was the subject of litigation between the parties, before the bringing of the action. The defendants' objection to the testimony offered was properly sustained. In the judgment of non-suit there was an order dissolving the injunction, and it seems clear that, after final judgment against the plaintiff and the dissolution of the injunction, no matters should have been heard at the time of the assessment of damages, which constituted a defence to the action. High on Injunction, Section 1652.

It appears from the case that at the time the injunction was served, there was on the land a considerable quantity of timber already cut by the defendants, and that the plaintiff after the injunction was served converted the same to its own use. In reference to this timber and its conversion by the plaintiff, the plaintiff requested the Court to instruct the jury that the defendants were not entitled to recover the value of the timber. His Honor refused to give the instruction. We think there was no error in that refusal.

The plaintiff insists that the damages are too remote, that they do not arise necessarily and proximately by reason of the injunction. We do not concur in this view. The injunction order, while it did not in so many words prohibit the defendants from entering upon the land, yet it did deprive them of the right of the possession of both the land and the cut timber. The order was in

these words: "In the meantime, the defendants and each of them. their agents and employees, are enjoined and forbidden to enter upon the land described in the complaint, to cut or to remove any timber or other thing from said land, or to commit any trespass of any kind thereon. They are likewise restrained and forbidden to dispose of, move or secrete any timber or other thing cut from said land, wherever it may now be." The defendants were put to a great disadvantage by reason of the service of the injunction. Any attempt on their part to have had the timber protected by removal to a place of security from pillage or loss by decay, would have subjected them to the pains of contempt proceedings. Under these circumstances, the plaintiff converted the property to its own use and carried it off the premises. Instead of leaving the property to abide the result of the suit, the plaintiff, taking advantage of its position in law held by the force of the injunction proceedings, deprived the defendants of their property. From the plaintiff's complaint, even, it appears that the defendants have lost this timber by the service of the injunction. The complaint treated as an affidavit, alleged that the defendants were removing the timber, and would remove it all unless enjoined from so doing. This view of the law is taken in *Alexander* v. *Colcard*, 85 Ill., 323, where the facts are substantially like the facts here. The injunction in our case prevented the defendants from exercising free control of the land and timber during the time the injunction was in force, and they ought to recover such damages as naturally and proximately result from conditions imposed upon them by the service of the injunction.

The plaintiff further requested his Honor to instruct

122—4

the jury that the defendants were not entitled to recover for the expense of feeding the teams which remained idle while the injunction was in force. This request was refused. The instruction ought to have been given, for there was no evidence that the defendant had tried to find employment for the hands, and had failed in the effort. It is well settled that one who has been prevented by injunction from prosecuting his business, cannot recover for loss of time or employment without showing that such one used diligence in attempting to find other employment and failed, and we think the same principle is involved here. 2 High on Injunction, Section 1676; 35 Iowa, 420.

His Honor was requested to instruct the jury that the defendants could not recover either of the plaintiff or of the sureties on the undertaking an amount greater than the penalty of the bond. The Court refused the request as to the plaintiff. The whole of the request ought to have been given.

Before the enactment of Chapter 251 of the Laws of 1893, no action could be maintained, on account of loss sustained by reason of the issuing of an injunction, by the defendant against the plaintiff unless the plaintiff instituted his action without probable cause; and the same rule was adhered to by this Court, even after the adoption of The Code of Civil Procedure, Section 192 (341 of *The Code*) in *Burnett* v. *Nicholson*, 79 N. C., 548. In that case it was held that the undertaking which was required by the statute imposed no new liability on the plaintiff, but simply provided an additional security to that which already existed. It was further said in the same case, that "the right of a defendant to sue does not depend solely upon the result of the action, but upon the want of probable cause and of good faith

in its prosecution.    In this respect, actions in which an injunction may issue stand upon the same footing as others.  There cannot, indeed, be any action in which inconvenience and loss are not sustained by the defendant, but the penalty imposed on the plaintiff is only the payment of the costs of the suit." Section 341 of *The Code* was amended by Chapter 251 of the Laws of 1893, so as to render the plaintiff and his sureties on the undertaking, required in that section of *The Code*, liable in damages without proof of malice or want of probable cause in procuring the injunction.   There was no allegation of bad faith or want of probable cause alleged or proved on the part of the plaintiff in procuring the injunction in the case before us, and the right of the defendant to recover rests solely on the provisions of the Act of 1893; and, by the terms of that Act, the damages must be assessed against the plaintiff and its sureties (or either one of them, *Crawford* v. *Pearson*, 116 N. C., 718) on the undertaking.  It is plain, therefore, that the penalty of the bond is the limit of the liability of the plaintiff and its sureties on the undertaking, the proceeding being also in effect a suit upon the undertaking, and there was error in entering a judgment for a greater amount against the plaintiff in the action than $300, the penalty of the bond.   The verdict and judgment have made it necessary to pass upon all of the exceptions.   There were errors, as we have pointed out.

New trial.