### J. E. SHUTE v. J. R. SHUTE.

(Filed 17 November, 1920.)

**Injunction— Malice— Probable Cause— Damages—Independent Action— Statutes.**

> Rev., 817 (C. S., 854), requiring bond in injunction to cover defendant's damages, and Rev., 818 (C. S., 855), providing for the recovery thereof in the same action, does not limit the remedy to that action, in the event the injunction was sought with malice and without probable cause; and defendant has the right therein to elect between this remedy and that by independent action, without limiting his recovery to action on the bond when the damages sought are in excess of that amount.

APPEAL by plaintiff from *McElroy, J.*, at August Term, 1920, of UNION.

The defendant in this action heretofore instituted an action against the plaintiff herein to restrain him from the erection of a gin stand by reason of a written agreement which the court held invalid because

in restraint of trade. *Shute v. Shute,* 176 N. C., 462. The restraining order was dissolved. In that case this plaintiff, who was then defendant, set up by way of counterclaim his demand for damages for the wrongful procurement of the restraining order by J. R. Shute, the plaintiff in that action, but as his injunction bond was only $500, and J. E. Shute, a defendant in that action (the plaintiff in this), claimed that the damage he sustained amounted to several times that sum, including expenses, such as attorney's fees and other damages, he took a voluntary nonsuit on the counterclaim, and instituted this independent action to recover damages.

The complaint alleges three causes of action: (1) For abuse of process and wrongful suing out of process; (2) for malicious prosecution; (3) for treble damages for injury to business, as provided in ch. 41, sec. 14, Laws 1913. The defendant demurred to the first cause of action on the ground that there is no allegation of "any facts showing any irregular use of process in the former action," and moved to dismiss. The defendant demurred to the second cause of action because "the institution of the former action and the prosecution of the appeal therein cannot be ground for an action for malicious prosecution," and to the third cause of action on the ground that "any damages occasioned by the suing out of the restraining order could be recovered only in the action wherein the restraining order was granted, and not by a new and independent action," and moved to dismiss.

The judge sustained the demurred and dismissed the action. The plaintiff appealed.

*Maness, Armfield & Vann for plaintiff.*
*W. B. Love and Stack, Parker & Craig for defendant.*

CLARK, C. J. The defendant relies upon Rev., 817, C. S., 854, which requires a bond to secure the payment "of such damages as the defendant may sustain by reason of the injunction and Rev., 818, C. S., 855, that upon judgment dissolving an injunction, the plaintiff may recover damages caused by the suing out thereof "without the requirement of malice or want of probable cause in procuring the injunction, which damages may be ascertained by reference or otherwise, as the judge shall direct, and the decision of the court shall be conclusive as to the amount of damages upon all persons who have an interest in the undertaking."

The defendant relies upon *Crawford v. Pearson,* 116 N. C., 718, as authority for his contention that the defendant's right to recover damages is restricted to a motion for judgment upon the injunction bond. But that case, and all those that have followed it, merely held that it is no longer necessary to allege want of probable cause in proceedings to recover damages against plaintiff upon the bond, and that under

Code, 341, damages sustained by reason of an injunction shall be ascertained by proceedings in the same action, because more expeditious and less expensive to the parties, and says that it simply provides an "additional security" for the defendant's damages.

The requirement of an injunction bond does not restrict the right of the defendant to recover damages sustained by him above the amount of such bond, nor to the causes of damages by reason of a breach of the provisions of such bonds.

It is still open to the defendant to elect not to avail himself of the remedy of a motion for judgment upon the bond for an amount within the penalty of the bond, "to be ascertained by the judge or referee," but he may bring an independent action where he deems that the damage sustained is greater than the penalty of the bond, and if there are grounds to recover damages not within the contemplation of the bond, such as for malicious prosecution, abuse of process, or for injury to business, and to have such damages assessed by jury.

This Court has often held that "an action will not lie for malicious prosecution in a civil suit *unless* there was an arrest of the person, a seizure of property, as in attachment proceedings at law, or their equivalent in equity or other circumstances of special damage." *Terry v. Davis,* 114 N. C., 32; *Davis v. Gully,* 19 N. C., 360.

In *Coal Co. v. Upson,* 40 Ohio State, 25, it is stated to be "the approved doctrine that an action for malicious prosecution may be maintained whenever by virtue of any order or writ issued in a malicious suit, the defendant in that suit has been deprived of his personal liberty, or the possession, enjoyment, or use of property of value. The name or form of the writ or process is immaterial. It may be an order of arrest, or attachment, or of *injunction."* This was cited with approval in *R. R. v. Hardware Co.,* 138 N. C., 174.

"The former action (for malicious prosecution) exists when legal process, *civil* or criminal, is used out of malice and without probable cause." *Stanford v. Grocery Co.,* 143 N. C., 422. That actions for malicious prosecution will lie where there has been interference with person or property in civil proceedings where the circumstances justify a charge of malicious prosecution is tacitly recognized in many cases. *Estates v. Bank,* 171 N. C., 579; *Wright v. Harris,* 160 N. C., 543; *Carpenter v. Hanes,* 167 N. C., 555.

The demurrer admits that the plaintiff suffered actual damages of $4,716, and is entitled to punitive damages in three times that amount, but if he were restricted to a motion on the injunction bond for damages, his recovery would be limited to whatever the judge or referee might allow him, not to exceed the penalty of the bond, $500. *Timber Co. v. Rountree,* 122 N. C., 45.

The demurrer also admits that the plaintiff expended $1,000 reasonable attorneys' fees, and costs and expenses of defending the suit, and was forced to do this by the admittedly oppressive conduct of the defendant (the plaintiff in the former case), but this could not have been recovered by motion against the bond in the former suit. *Midgett v. Vann,* 158 N. C., 129.

"Where an injunction has been wrongfully issued, there is no liability for damages except upon the injunction bond, unless the party against whom the injunction was issued can make out his case of malicious prosecution by showing malice or want of probable cause on the part of the party who obtained it." 22 Cyc., 1061, citing *Burnett v. Nicholson,* 79 N. C., 548.

"What is said to be the better rule, however, is that although a party may have his remedy on the bond, yet this is not exclusive, and he may, in a proper case, also have a right to maintain an action at law." 14 R. C. L., p. 481, sec. 183, citing *Howell v. Woodbury,* 85 Vt., 504; Ann. Cas., 1914, D. 606; *Hubble v. Cole,* 88 Va., 236.

"While it is well settled, both in England and in this country, that an action for malicious prosecution will lie against one who has maliciously and without probable cause procured the plaintiff to be indicted or arrested for an offense of which he was not guilty," 18 R. C. L., 13, the authorities differ widely as to the application of such remedy where a civil action has been brought maliciously and without probable cause. In England, before the Statute of Marlbridge (52 Henry III.), such action would lie in a civil case, but that statute gave the defendant, who prevailed in the cause, not merely his costs, but also his damages and subsequent legislation showed that the object was to afford a summary remedy for damages in the action in lieu of an independent action to recover damages for malicious prosecution of a civil action.

In this country, though the institution of a civil action maliciously and without probable cause is generally considered a sufficient basis for malicious prosecution by a defendant who has suffered special damage, the authorities are in hopeless conflict whether in such a case a recovery can be had without seizure of property, arrest of person, or other special circumstances. 18 R. C. L., 13.

In *Hubble v. Cole,* 88 Va., 236, it was held that "a tenant who has been enjoined, without cause, from enjoying the leased premises, upon the dissolution of the injunction, has a common-law right of action to recover damages for having been improperly enjoined in addition to his remedy on the injunction bond." This case appears with many annotations in 29 Am. St., 716; 13 L. R. A., 311.

Our statute, as amended by the act of 1893, ch. 251, is now C. S., 855, and gives the defendant an inexpensive and expeditious remedy by

motion in the cause without requiring proof of malice or want of probable cause, and the "damages may be ascertained by a reference or otherwise, as the judge directs, and the decision of the court is conclusive as to the amount of damages, upon all persons who have an interest in their undertaking." But we do not understand that this deprives the defendant of his common-law right of action, if he does not elect to take the remedy given him to proceed by a motion in the cause, and especially this is so where the damages are sought for malicious prosecution.

In *Gold Co. v. Ore Co.,* 79 N. C., 50, *Bynum, J.,* said that our statute "does not contemplate that a separate action shall be brought on an injunction bond, but the damage sustained by reason of the injunction shall be ascertained by proceedings in the same action, and in a mode most expeditious and least expensive to the parties." This clearly refers to such damages as in contemplation of the terms of the bond. In *Burnett v. Nicholson, supra, Smith, C. J.,* says: "The undertaking required by the statute . . . simply provides an additional security for that which already exists. . . . The right of the defendant to sue does not depend solely upon the result of the action, but upon the want of probable cause and good faith in its prosecution. In this respect, actions in which an injunction may issue stand upon the same footing as others." In that case it was held that the remedy should have been sought by an action for malicious prosecution.

In *Timber Co. v. Rountree,* 122 N. C., 50, the Court quoted *Burnett v. Nicholson, supra,* and held that prior to chapter 51, Laws 1893, a recovery could not be had for damages sustained for wrongfully suing out an injunction except by an independent action alleging malice and want of probable cause, and that while the statute authorizes this to be done, the recovery is limited, if the defendant elects to proceed by motion in the cause, to the amount of the penalty of the injunction bond.

*Mahoney v. Tyler,* 136 N. C., 43, held that the successful defendant in attachment must seek relief for damages by a separate action on allegation of malicious prosecution and want of probable cause, but that this was not necessary as to claim and delivery, nor arrest and bail, nor an injunction because the statutes in those cases provided that recovery could be had by motion in the cause and without requiring proof of malice, and the lack of probable cause, citing *R. R. v. Hardware Co.,* 135 N. C., 79, where the Court, quoting from Cooley on Torts (2 ed.), 218, said that in an action on the attachment bond, the direct pecuniary loss can always be recovered for such is the contract of the sureties thereto, but that in an action for malicious prosecution, without probable cause, the defendant "may recover damages for injury to his credit, business, or feelings."

In *Tyler v. Mahoney,* 166 N. C., 509, the Court held, approving *S. c.,* 136 N. C., 42, that the damages sustained by reason of seizure of property in an action instituted maliciously and without probable cause, are not decided by the result in the attachment proceeding, and upon proof thereof the defendant is entitled to recover punitive damages which must be assessed by a jury in an independent action. This case is cited and approved in *Tyler v. Mahoney,* 168 N. C., 238.

Reversed.

ALLEN, J., dissenting.