C. J. NASSIF AND A. NASSIF, TRADING AS NASSIF BROTHERS, v. ARTHUR GOODMAN, SAMUEL SAFFER, A. SCHRETER AND SON, INCORPORATED, AND THOMAS E. BASS.

(Filed 2 November, 1932.)

1. **Malicious Prosecution A b—Bankruptcy proceedings will support an action for malicious prosecution.**

   The filing of an involuntary petition in bankruptcy is for the purpose of having the debtor's property taken by the courts for payment of all creditors according to law, and it is more than a mere civil action for debt, and where in bankruptcy proceedings the petitioning creditors have caused the court to appoint a receiver to take charge of the debtor's property and upon the hearing of the petition it is adjudicated that the debtor is solvent and had committed no act of bankruptcy, and he is

discharged : *Held,* the debtor may bring an independent action for malicious prosecution, and may recover upon a showing of malice and want of probable cause.

2. **Malicious Prosecution B c—Evidence in this case held competent on the questions of malice and damages.**

Where the debtor in involuntary bankruptcy proceedings has been discharged in the Federal Court and brings independent action against the petitioning creditors for malicious prosecution : *Held,* in the action for malicious prosecution evidence that the salesman of the petitioning creditors had threatened to ruin the debtor's credit if the debt were not paid is competent on the question of malice, and evidence of the debtor's standing in the community is competent on the question of damages.

3. **Malicious Prosecution A d—Discharge of bankrupt is sufficient termination of prosecution to support action for malicious prosecution.**

Where the debtor has been discharged in the Federal Court in bankruptcy proceedings upon a finding that he was not insolvent and had committed no act of bankruptcy, and the cause is retained only for the purpose of assessing damages against the bonds of the petitioning creditors : *Held,* it is a sufficient termination of the proceedings to support an action by the debtor for malicious prosecution, and he may either bring an independent action for malicious prosecution or have his damages assessed in the bankruptcy proceedings.

4. **Election of Remedies A a—Debtor may sue for malicious prosecution or have damages assessed in bankruptcy proceedings.**

Where the creditors of a person file an involuntary petition in bankruptcy against him with malice and without probable cause, and the debtor has been discharged in the Federal Court, he has the right of election to have his damages assessed in an independent action for malicious prosecution or have them assessed in the bankruptcy proceedings.

APPEAL by defendants, Arthur Goodman and Samuel Saffer, from *Harris, J.,* at February Term, 1932, of JOHNSTON. No error.

The plaintiffs are merchants, and on 5 March, 1930, and for many years prior to said date, were engaged in the business of buying and selling, at retail, dry goods, clothing and other merchandise in stores owned and operated by them at Wagram, N. C., and at Smithfield, N. C.

The defendants, other than Thomas E. Bass, are also merchants, and on 5 March, 1930, and for many years prior to said date, were engaged in the business of selling, at wholesale, merchandise of various kinds, and especially the kinds bought and sold by the plaintiffs. The defendants, Arthur Goodman and A. Schreter and Son, Incorporated, are residents of the city of Baltimore in the State of Maryland, where each has his principal place of business. The defendant, Samuel Saffer, is a resident of the city of New York, where he has his principal place of business. On 5 March, 1930, the said defendants were creditors of the plaintiffs, the aggregate amount of their several claims being in excess

of $500. These claims against the plaintiffs were all in the hands of the defendant, Thomas E. Bass, for collection. The said Thomas E. Bass is a resident of the town of Tarboro, N. C., where he is engaged in the practice of his profession as an attorney at law. He is a member of the firm of McNair, Moses & Bass, attorneys at law, and has been duly admitted to practice as an attorney in the United States District Court for the Eastern District of North Carolina.

On 5 March, 1930, the defendant, Thomas E. Bass, in the name and on behalf of his codefendants in this action, instituted an involuntary proceeding in bankruptcy against the plaintiff by filing a petition in the United States District Court for the Eastern District of North Carolina. It was alleged in said petition that the plaintiffs were then insolvent, and that while insolvent they had committed various acts of bankruptcy, as specifically alleged in the petition. The prayer of the petition was that the plaintiffs be adjudged bankrupts, in accordance with the provisions of the act of Congress. The petition was verified by the said Thomas E. Bass, as attorney for his codefendants, who were named therein as the petitioning creditors. Simultaneously with the filing of said petition the defendants prayed the court to appoint a receiver with power to take charge of and hold the property of the plaintiffs until they had been adjudicated as bankrupts, in accordance with the prayer of their petition. A receiver was thereupon appointed by the court, and said receiver, as authorized by the court, took charge of the property. of the plaintiffs, including the stocks of goods in the stores at Wagram and at Smithfield, and held the same for about twenty-one days, until the receiver was discharged, and said property restored to the plaintiffs by order of the court.

Immediately upon the service upon them of the petition filed by the defendants in the United States District Court for the Eastern District of North Carolina, the plaintiffs filed an answer to said petition, in which they denied the allegations therein that they were insolvent and that they had committed acts of bankruptcy as alleged by the defendants. The proceeding was thereupon referred by the Court to the referee in bankruptcy as a special master, who, after hearing evidence offered by both the petitioning creditors and the respondents, filed his report to the Court, in which he set out his findings of fact, and his conclusions thereon. The referee and special master found and so reported to the Court that the plaintiffs were solvent and that they had not committed any act of bankruptcy. He recommended that the Court dismiss the petition, and order the defendants to pay the costs of the proceeding. The report of the referee and special master was heard by the Court, and confirmed in all respects. It was ordered that the petition filed by

the defendants be and the same was dismissed, and that the defendants pay the costs of the proceeding. It was further ordered by the courts that the cause be and it was retained for the purpose of making allowances for costs, expenses and damages occasioned to the plaintiffs by the seizure, taking and detention of their property, as provided for in the bond filed in the proceeding by the defendants, as petitioning creditors, and "for no other purpose." This order was made on 26 April, 1930.

At the date of the institution of the involuntary proceeding in bankruptcy by the defendants against the plaintiffs, the defendants filed a bond in said proceeding. This bond was in the sum of $1,000, and was conditioned for the payment to the plaintiffs by the defendants of all costs, expenses and damages occasioned by the seizure, taking and detention of the property of the plaintiffs, as the result of the filing of the petition in said proceeding, in the event that said petition was dismissed. After the answer to the petition was filed by the defendants, it was ordered by the court that the defendants, as petitioning creditors, file a bond in the sum of $10,000, with like condition as the bond filed by them in the sum of $1,000. The defendants did not comply with this order.

This action was begun in the Superior Court of Johnston County on 28 October, 1930. The summons was duly served on the nonresident defendants by publication. Attachments levied on the property of said defendants in this State were vacated on 10 November, 1930, upon the filing by said defendants in this action of a bond in the sum of $16,000, with the Fidelity and Deposit Company of Maryland, as surety, conditioned that the said defendants pay such judgment as may be rendered against them in this action, together with all costs.

At the trial of the action, motions for judgments as of nonsuit, made at the close of the evidence for the plaintiffs by the defendants, A. Schreter and Son, Incorporated, and Thomas E. Bass, were allowed, and as to these defendants, the action was dismissed. Issues arising on the pleadings, involving the liability of the other defendants, were submitted to the jury and answered as follows:

"1. Did the defendant, Arthur Goodman, maliciously and without probable cause, file and prosecute a petition in bankruptcy against the plaintiffs, as alleged in the complaint? Answer: Yes.

2. Did the defendant, Samuel Saffer, maliciously and without probable cause, file and prosecute a petition in bankruptcy against the plaintiffs as alleged in the complaint? Answer: Yes.

3. What amount of damages, if any, are the plaintiffs entitled to recover? Answer: $6,320."

From judgment on the verdict that plaintiffs recover of the defendants, Arthur Goodman and Samuel Saffer, and of the Fidelity and Deposit Company of Maryland, as surety on the bond filed in the action, the sum of $6,320, with interest on said sum from 22 February, 1932, and the costs of the action, the defendants appealed to the Supreme Court.

*R. L. McMillan, C. A. Douglass, F. H. Brooks and Parker & Lee for plaintiffs.*
*Varser, Lawrence, McIntyre & Henry and Abell & Shepherd for defendants.*

CONNOR, J. The first contention of the defendants on their appeal to this Court is that no action to recover damages for malicious prosecution can be maintained where it is alleged in the complaint, and contended at the trial, that the damages resulted from the institution by the defendants of an involuntary proceeding in bankruptcy against the plaintiffs, by a petition filed in a United States District Court, as provided by the act of Congress, although it is alleged in the complaint and shown at the trial that such proceeding was instituted with malice, and without probable cause, and had been terminated before the commencement of the action by the dismissal of the petition. This contention is presented by defendants' assignment of error based upon their exception to the refusal of the court to allow their motion for judgment as of nonsuit. Defendants did not demur to the complaint, for the obvious reason that it is alleged therein, not only that the defendants filed the petition praying that the plaintiffs be adjudged bankrupts, but also that at the time of filing the petition, the defendants procured the appointment by the court of a receiver, who, as authorized and directed by the court, at once took charge of and held the property of the plaintiffs for about twenty-one days, during which time the plaintiffs suffered damages in a large sum, by reason of the seizure and detention of their property. In support of their contention, the defendants rely upon the principle that no action for the malicious prosecution of a civil action by the defendants against the plaintiffs, can be maintained, as was held by this Court in *Terry v. Davis,* 114 N. C., 31, 98 S. E., 943. This principle, however, as stated in the opinion in that case, is subject to certain exceptions. It is there said that an action will not lie for the malicious prosecution of a civil action, unless there was an arrest of the person, or a seizure of property, as in attachment proceedings at law, or their equivalent in equity, or in proceedings in bankruptcy or like cases when there was some special damage resulting from an action and

NASSIF *v.* GOODMAN.

which would not necessarily result in all cases of the like kind. In *Shute v. Shute,* 180 N. C., 386, 104 S. E., 764, it is said by *Clark, C. J.,* "That actions for malicious prosecution will lie when there has been interference with person or property in civil proceedings where the circumstances justify a charge of malicious prosecution, is tacitly recognized in many cases. *Estates v. Bank,* 171 N. C., 579, 88 S. E., 783, *Wright v. Harris,* 160 N. C., 542, 76 S. E., 489, *Carpenter v. Hanes,* 167 N. C., 555, 83 S. E., 577."

An involuntary proceeding in bankruptcy, instituted by a petition duly filed in a United States District Court, as provided by the act of Congress, by creditors, praying that their debtor be adjudged a bankrupt, is not a mere civil action against the debtor for the collection of the debt due by him to the petitioning creditors; the primary purpose of the proceeding, for the relief of such creditors, is to impound the property of the debtor in the custody of the court, in order that it may be equitably distributed among all the creditors, upon the adjudication of the debtor as a bankrupt. 7 C. J., 46. The fact that the debtor, after his adjudication as a bankrupt may file a petition and be discharged by the court from personal liability for his debts, does not affect the principle that the proceeding is not a civil action. In the instant case, it is alleged and shown by the evidence not only that defendants filed the petition, but also that they procured the seizure and detention of the property of the plaintiffs by a receiver, with malice and without probable cause. The contention that plaintiff cannot maintain this action, and that it was therefore error to refuse the motion for judgment as of nonsuit, cannot be sustained.

We have considered the assignments of error on this appeal based upon defendants' exceptions to rulings of the court on defendants' objections to evidence offered by the plaintiffs at the trial. These assignments of error cannot be sustained. The evidence tending to show that the defendant, Arthur Goodman, and a salesman of the defendant, Samuel Saffer, who had collected money from the plaintiffs on his account, had threatened to ruin the credit of the plaintiffs in Baltimore and New York, was competent and properly admitted for the purpose of showing malice on the part of the defendants in filing and prosecuting the petition in bankruptcy against the plaintiffs. The evidence tending to show the standing of the plaintiffs as business men and merchants in Wagram and in Smithfield, was competent and properly admitted for the purpose of showing the damages which they suffered by the wrongful acts of the defendants. The order of the United States District Court, dismissing the petition, and discharging the receiver, upon the findings of the special master that plaintiffs were solvent, and had committed

no act of bankruptcy, which were approved by the judge, showed that the proceedings in involuntary bankruptcy had terminated before the commencement of this action. Its retention by the court solely for the purpose of hearing plaintiffs' motions for allowances for costs and expenses, and the assessment of damages, did not show the contrary. The plaintiffs had the right, at their election, to have their damages caused by the wrongful acts of the defendants assessed in this action, rather than in the bankruptcy proceeding. *Shute v. Shute, supra.* The defendants, who failed to comply with the order of the United States District Court that they file a bond in said court in a sum adequate for the protection of the plaintiffs, cannot complain that plaintiffs, instead of moving in said court for an assessment of their damages, brought this action.

The court instructed the jury with respect to want of probable cause in accordance with the law uniformly applied in the courts of this State and elsewhere. There was no error in the charge of the court to the jury. The judgment is affirmed.

No error.