LOCAL 755, INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, AFL-CIO v. COUNTRY CLUB EAST, INCORPORATED

J. D. BECK, B. T. BLAIR, B. M. WAGONER, E. W. DELAPP, FRED E. SMITH, W. C. ALBERT, H. J. LEONARD AND S. G. BAILEY v. COUNTRY CLUB EAST, INC.

No. 7221SC455

(Filed 28 June 1972)

1. Injunctions § 16— damages for wrongful restraint

In seeking to recover damages arising out of the issuance of a restraining order which has been dissolved, a plaintiff may proceed by motion in the cause for judgment against defendant's injunction bond, or he may bring an independent action if there are grounds to recover damages not within the contemplation of the bond, such as for malicious prosecution, abuse of process or injury to business.

2. Malicious Prosecution § 1— actions based on civil proceedings

Actions for malicious prosecution may be based not only upon criminal prosecutions but also civil proceedings which involve an arrest of the person, seizure of property or loss of a legitimately protected right.

3. Malicious Prosecution § 3— valid process

In a malicious prosecution action a plaintiff must show that the prior proceedings which form the basis of his action were based upon valid process.

4. Master and Servant § 17— disobedience of void restraining order

Disobedience to a void restraining order preventing picketing is not punishable.

---

---

5. **Malicious Prosecution § 3; Master and Servant § 17— action based on void restraining order**

   Plaintiffs may not maintain actions for malicious prosecution founded upon the procurement of a restraining order preventing picketing which they concede was void because the order was entered by a court not having jurisdiction.

APPEAL by plaintiffs from *Gambill, Judge,* 31 January 1972 Session of 'Superior Court held in FORSYTH County.

In August of 1970 the individual plaintiffs, employees of Salem Electric Company in Winston-Salem, participated in a campaign by plaintiff Local 755 to organize employees of the company. Salem refused to recognize the Union as a bargaining agent and on 1 September 1970 plaintiff employees and certain other employees struck and established a picket line near the entrance to an apartment project being constructed by defendant. Defendant had no contract with any of the plaintiffs, but it did have a contract with Salem for the completion of electrical work on the premises. Certain employees of other contractors working on the project refused to cross plaintiffs' picket line.

On 4 September 1970, defendant applied for and obtained from the Honorable Harvey A. Lupton an order temporarily restraining the individual plaintiffs "from striking, picketing, inducing others to strike or to stop work, patrolling, or by any other means, or in any other manner, interfering with or disrupting the normal operation of the plaintiff's apartment construction on said premises. . . . "

Within ten days following the issuance of the temporary restraining order the parties met with Judge Lupton and the matter was continued on motion of the court until 14 September 1970. By that date Salem's work at the construction site had been completed and the threat of interruption on account of picketing by plaintiffs was over. A voluntary dismissal order, dated 14 September 1970, was entered dissolving the temporary restraining order and dismissing the action.

Plaintiffs instituted separate actions for damages allegedly arising out of the issuance and subsequent dismissal of the restraining order. They allege that defendant's action in obtaining the restraining order was wrongful and malicious.

The cases were consolidated for hearing and defendant moved for judgment on the pleadings pursuant to G.S. 1A-1, Rule 12(c). The court treated the motion as one for summary judgment, considered stipulations entered by the parties as well as the pleadings, and allowed the motion.

*Eubanks and Sparrow by Larry L. Eubanks for plaintiff appellant.*

*Womble, Carlyle, Sandridge & Rice by Allan R. Gitter for defendant appellee.*

GRAHAM, Judge.

[1]  In seeking to recover damages arising out of the issuance of a restraining order which has been dissolved, a plaintiff may proceed by motion in the cause for judgment against defendant's injunction bond, or he may bring an independent action if there are grounds to recover damages not within the contemplation of the bond, such as for malicious prosecution, abuse of process, or for injury to business. *Shute v. Shute*, 180 N.C. 386, 104 S.E. 764.

[2]  Plaintiffs here have chosen to bring independent actions for malicious prosecution. In this jurisdiction, actions for malicious prosecution may be based not only upon criminal prosecutions but also civil proceedings which involve an arrest of the person, seizure of property, or loss of a legitimately protected right. *Carver v. Lykes*, 262 N.C. 345, 137 S.E. 2d 139.

The parties are in agreement that under the circumstances presented here the Superior Court did not have jurisdiction to enter the restraining order because the regulation of peaceful picketing in connection with a labor dispute affecting interstate commerce is preempted by provisions of the National Labor Relations Act. *Aircraft Co. v. Union*, 247 N.C. 620, 101 S.E. 2d 800. If this be true, the order was void. "When a court decides a matter without the court's having jurisdiction, then the whole proceeding is null and void, *i.e.*, as if it had never happened." *Hopkins v. Hopkins*, 8 N.C. App. 162, 174 S.E. 2d 103.

Thus, the question becomes: May plaintiffs maintain actions for malicious prosecution founded upon the procurement of a restraining order which they concede was void? We answer in the negative.

**[3]** This State follows the minority view which holds that in a malicious prosecution action a plaintiff must show that the prior proceedings which form the basis of his actions were based upon valid process. Byrd, *Malicious Prosecution in North Carolina*, 47 N.C. L.Rev. 285, 304; *Moser v. Fulk*, 237 N.C. 302, 74 S.E. 2d 729; *Hawkins v. Reynolds*, 236 N.C. 422, 72 S.E. 2d 874; *Carson v. Doggett* and *Ward v. Doggett*, 231 N.C. 629, 58 S.E. 2d 609. While all of these cases involved actions based upon void criminal prosecutions, we know of no reason, and none has been suggested to us, why the same rule is not applicable in actions founded on a void restraining order.

In the case of *Mark v. Hyatt*, 135 N.Y. 306, 31 N.E. 1099, the New York Court of Appeals stated:

> "But here the appellant suddenly shifts his ground and claims that the judgment instead of being merely erroneous and valid until reversed was never valid at all so far as the injunction was concerned, but void utterly at the moment of its rendition. If that be true the damages claimed resulted not from the void process, but from the voluntary and needless act of the appellant in view of its existence. . . . The injunction, if absolutely void, was a nullity; it could not and did not restrain the manufacture. If the appellant ceased work the act was his own, and both voluntary and needless. It originated in no compulsion, for there was nothing to compel and nobody compelling."

**[4, 5]** Disobedience to a void restraining order is not punishable. *Freight Carriers v. Teamsters Local*, 11 N.C. App. 159, 180 S.E. 2d 461, *cert. denied*, 278 N.C. 701, 181 S.E. 2d 601. If, as plaintiffs concede, the restraining order was entered by a court not having jurisdiction, the order was void and did not restrain them. Consequently, under plaintiffs' own theory of the case, they have no claim for malicious prosecution arising from defendant's procurement of the order. Summary judgment in favor of defendant was proper.

Affirmed.

Judges MORRIS and VAUGHN concur.