Pearson, J.
 

 The plaintiff was entitled to recover upon the count for wrongfully suing out the attachment. A citizen of our State may sue out an original attachment, when the debtor is not an inhabitant of this State, or when, being a citizen of this State, he fraudulently eludes tire ordinary process of law.
 

 In the present case, the defendant had no probable cause to support the allegation that the plaintiff was fraudulently eluding the ordinary process of law, or that he had, in the language of the
 
 Statute,privately
 
 removed, or was about to remove himself out of the county, or so absented, absconded and concealed himself that the ordinary process of law could not be served on him. On the contrary, the plaintiff had enlisted as a soldier, and the fact of his leaving this State for Mexico, was a matter of public notoriety. There was as little cause to charge the plaintiff with a fraudulent evasion of the ordinary process of law, as there is to charge such an intent upon a member of Congress who goes to Washington, or a merchant who goes to New York.
 

 It is asked, what remedy has a creditor when the debtor enlists
 
 “
 
 during the war,” and leaves the State? It may be, that mesne process might have been served before the debtor left the State ; but it is sufficient for us to say that the want of a remedy is no excuse for the defendant, and does not show probable cause, or jus
 
 *262
 
 tify a proceeding under a statute giving a remedy against a debtor who fraudulently evades the ordinary process of law.
 

 In the argument there was much discussion in reference to the Act of Congress which exempts the body of a soldier from arrest during the time of service. The Act lias no application to the case before us. The exemption from arrest was not intended to be a benefit to the soldier, but was intended to benefit the service ; and therefore a
 
 habeas corpus
 
 may be sued out, (not by the soldier,) but by an officer of the company; and upon his entering common bail, the body of the soldier is to be delivered to the officer. So there is no personal privilege granted to the soldier, and the policy of the public in not having a soldier taken from the ranks, is made consistent with the rights of creditors, by enabling them, upon common bail, to proceed to judgment and execution,
 
 i. e.
 
 a
 
 fieri facias.
 

 We
 
 lay no stress upon the fact that the goods attached in this case were the “ tools of a tradesman.” It may be that such tools are only exempted from execution when the debtor remains in the country and submits himself to the ordinary process of law ; and does not extend to the case of one who fraudulently evades the service of process. Suffice it to say, a creditor has no right to reach these tools by means of an original attachment, upon, a false allegation that his debtor has evaded the ordinary pro- . cess of law.
 

 Per CuRIam. Judgment affirmed.