JOHN L. GAY et al. v. JAMES S. MITCHELL et al.

(Filed 19 February, 1908).

1. Sheriff—Seizure—Negligence—Actionable Wrong.

When the jury finds upon the evidence that the plaintiffs owned and were in possession of a certain mill and machinery, which were wrongfully seized by the Sheriff and while in his possession were damaged by freezing and rusting of pipes and tubes and other parts of the machinery, and which could readily have been prevented by ordinary care and attention, an actionable wrong is established entitling plaintiffs to damages as the natural, probable and direct result of defendants' wrong.

2. Instructions—General Terms.

When the Judge's charge to the jury was correct, but in general terms, it was not objectionable, unless the defendant had tendered correct prayers for instruction of a more specific nature.

3. Supreme Court—New Trial—Newly Discovered Evidence, Cumulative—Diligence.

An application in the Supreme Court for a new trial upon newly discovered evidence will not be granted when the affidavits only set out cumulative evidence, or if they do not show that the applicant used due diligence in procuring it.

CIVIL ACTION, tried before *W. R. Allen, J.,* and a jury, at Fall Term, 1907, of the Superior Court of HERTFORD County.

On issues submitted, and verdict thereon, there was judgment for plaintiffs against defendant James S. Mitchell, and defendants excepted and appealed.

*Winborne & Lawrence* for plaintiffs.
*D. C. Barnes* for defendants.

HOKE, J. After giving the matter most careful consideration, the Court is unable to find any error in the proceedings below which entitles appellant to a new trial.

The evidence tended to show that plaintiffs owned and were in possession of a mill and machinery; that on 25 January, 1899, the defendant, as Sheriff, wrongfully seized said property under an attachment process issued against other persons, and held same until about the middle of February following; that the said mill and machinery were in good order when seized by defendant, and while said defendant had charge of same the property was much damaged by "freezing and rusting of pipes and tubes and other parts of the machinery," and that this damage could have been readily prevented by ordinary care and attention on the part of defendant. On this testimony, if believed, an actionable wrong was undoubtedly established, and under the charge of the court the jury properly awarded the actual damages, which were the "natural, probable and direct result of defendant's wrong." We do not well see how any other verdict could have been rendered; and, while the charge of the court was somewhat general in its terms, it was a correct charge, and if the defendant desired

that it should be more specific he should have indicated this requirement by correct prayers for instructions, properly preferred. *Simmons v. Davenport,* 140 N. C., 407. The special prayer which was made, and refused by the court, was not permissible on the facts as they appear in the case on appeal. Nor does the defendant's application for a new trial for newly discovered evidence commend itself to the favorable consideration of the Court. At best, the evidence, as indicated in the affidavits filed, is only cumulative, and the defendant fails to show that he used the diligence in procuring the evidence which is required by the decisions of the Court in applications of this character. *Wilkie v. Railroad,* 127 N. C., 213; *Turner v. Davis,* 132 N. C., 187-190.

There is no error, and the judgment below is affirmed.

No Error.