PERRY C. TYLER v. J. AND E. MAHONEY.

(Filed 24 February, 1915.)

**Attachment—Damages to Property—Sheriff—Principal and Agent—Liability of Attaching—Creditor.**

Where one wrongfully and without probable cause sues out an attachment on crops of another, the defendant in that action may, by an independent action, recover from the plaintiff therein, as a matter of law, such damages to the crops attached as may have been caused by the sheriff while it was in his possession, in executing the writ, the sheriff being regarded as his agent to execute the mandate issued at his instance.

APPEAL by plaintiff from *Bond, J.,* at November Term, 1913, of BERTIE.

*Winston & Matthews for plaintiff.*
*Winborne & Winborne for defendants.*

CLARK, C. J. This is an action to recover damages to his crops by an attachment levied in an action brought by the defendants against the

plaintiff in 1903. That action was before this Court, *Mahoney v. Tyler,* 136 N. C., 40, when it was held that though the attachment had been wrongfully sued out, the defendant in that case could not recover damages therein, but must bring an independent action for that purpose. That was done by this action, which was before this Court, *Mahoney v. Tyler,* 166 N. C., 509. This Court held therein that it was not necessary to prove malice in order to recover damages, saying: "The effect of proving malice would be to authorize the jury, in case they saw fit, to award punitive damages; but it is not necessary to consider this question, as punitive, damages are disclaimed in specific terms in the brief of the counsel for the plaintiff."

On the new trial the jury found upon the issues submitted to them that the defendants wrongfully sued out the attachment without probable cause, and that by the negligence of the sheriff the crops of the plaintiff were damaged thereby to the extent of $500. The fourth issue, "What sum, if anything, is plaintiff Tyler entitled to recover of the defendant Mahoney?" the court answered, as a legal inference, from the responses to the other issues, "Nothing."

This raises the only question presented by this appeal, and that is whether the plaintiff who wrongfully sues out a writ of attachment, which is levied upon the property of the defendant therein, is liable to such defendant for damages to the property caused by the sheriff while in possession of the property.

The plaintiff is not proceeding against the sheriff, nor against the attachment bond, but against these defendants, who were the plaintiffs in the wrongful attachment, because they put in motion the proceedings in which their crops were taken wrongfully and damaged.

The plaintiff herein having been put out of the possession of his property by abuse of the process of the law which was invoked by these defendants, they are responsible to the plaintiff (the defendant in that action) for the damage which he sustained thereby. The sheriff was their agent to execute the mandate of the court, issued at their instance. If the sheriff acted negligently, he might also be responsible, and the sureties on the attachment bond are also responsible, for the amount of the damage done. The plaintiff has not chosen to pursue either of these, as he might have done, but he has limited his demand to the principals at whose instance the process of the law was wrongfully put in motion.

In *Mahoney v. Tyler,* 136 N. C., 40, the only question was whether the defendant Tyler could proceed by motion in the cause to recover his damages for wrongfully suing out the attachment, or must resort to a separate civil action, and the latter was held to be his proper remedy. This suit was brought in consequence of what was there decided. It was also held that by motion in that cause Tyler could require the return of

any property in the hands of the sheriff, if he desired to pursue that course. In this action he recovers all damages suffered by reason of defendant's tortious act. 4 Cyc., 880.

We are of opinion that the defendants are responsible to the plaintiff for the damage done to his crops by the sheriff in executing the attachment, that was wrongfully sued out against him, as the jury find. In response to the fourth issue the judge should have held that as a matter of law the defendants were liable to the plaintiff in the amount of the damage found to have been sustained by the crops while in the custody of the sheriff, as found in the third issue, towit, "$500 and interest from the date of the attachment." *Allen v. Greenlee,* 13 N. C., 371; *Abrams v. Pender,* 44 N. C., 260; *Sneeden v. Harris,* 109 N. C., 357; *R. R. v. Hardware Co.,* 135 N. C., 73; *s. c.,* 138 N. C., 175; *s. c.,* 143 N. C., 54.

The case will be remanded, to the end that the judgment may be so entered in the court below.

Reversed.