JOHN TATHAM ET AL. *v.* W. M. DeHART, SHERIFF.

(Filed 2 June, 1922.)

1. **Attachment—Action—Sheriffs—Wrongful Levy—Property of Another.**

In levying upon property in attachment, the sheriff is required to see that the property upon which he has levied is that of the defendant, and when he seizes the property of a stranger, it is a wrong done such third person, for which an independent action will lie; as to whether the owner of the property so seized could have resorted to an intervention or interpleaded in the attachment suit is not decided in this case.

2. **Same—Judgments.**

In an independent action against a sheriff to recover damages for his wrongful seizure in attachment of the plaintiff's property, instead of that of the defendant therein, where the property has been sold, the proceeds of the sale represents the property attached, to be held by the sheriff in the same plight and for the same purpose as the property would be if still held in his possession; and upon the failure of the plaintiff in the present suit to establish his right, a judgment for the defendant to the full value of the property is a proper one, not as damages personal to himself, but to be held subject to the process of attachment.

APPEAL by plaintiff from *Brock, J.,* at the Spring Term, 1922, of SWAIN.

Civil action, brought by the plaintiffs against W. M. DeHart, sheriff of Swain County, to recover damages for the unlawful attachment of certain property claimed by them. One W. R. Coley, prior to this time, had been operating a "carnival show" in some of the western counties of this State. On 9 March the plaintiffs allege that they purchased this show, paid the cash for the same, took a bill of sale therefor, and were the owners thereof. The bill of sale was recorded in Cherokee and Swain counties. Some time after this, on 5 April, one Ernest Bowman brought an action against Coley in Cherokee County, and on 23 April a warrant of attachment was issued by the clerk of Cherokee County to the sheriff of Swain County, and the sheriff of Swain County, under said warrant, attached the property of the show. The warrant of attachment did not bear the seal of the court of Cherokee County.

42—183

Plaintiffs allege that when the sheriff of Swain County attached said property they notified him that the property did not belong to Coley, and took him to the register of deeds' office and showed him a bill of sale for the same, which had been given to plaintiffs, and which had been on the record for some time. That the sheriff, nevertheless, levied the attachment without regard to plaintiffs' rights, and this action is brought by the plaintiffs against the sheriff because of the unlawful levy and conversion. But one witness was examined, to wit: plaintiff John A. Tatham. He testified that he and his associates had purchased the "carnival show" outright, and paid for the same; that the purchase was in good faith. The plaintiffs introduced in evidence the court papers in the case of Bowman against Coley, from Cherokee, for the purpose of showing that the warrant of attachment did not bear the seal of the court, and also introduced a portion of the defendant's answer, in which he admitted that he made the levy under the warrant from Cherokee County.

The following four issues were submitted to the jury, and they were directed by the court to answer each of the first two issues, "No," the third issue "Nothing," and, if they believed the evidence, to answer the fourth issue "$3,000":

"1. Are the plaintiffs the owners and entitled to the possession of the property described in the complaint?

"2. Did the defendant wrongfully take possession of said property under color of his office, as alleged in the complaint?

"3. What damage, if any, are plaintiffs entitled to recover of said defendant?

"4. What was the value of the property seized in the claim and delivery proceedings in this cause from the sheriff of Swain County?"

The issues were answered accordingly.

Judgment was entered upon the verdict in favor of the defendant, and the plaintiff, having reserved exceptions, appealed.

*G. L. Jones, M. W. Bell, and Bourne, Parker & Jones for plaintiff.
J. H. Dillard, McKinley Edwards, and S. W. Black for defendant.*

WALKER, J. It is stated by the plaintiffs in their brief, and was repeated in the argument before us, that the court directed a verdict on the first three issues, and required the jury to assess the damages against the plaintiffs under the fourth issue, because the plaintiffs had misconceived their remedy. That they could not proceed by an independent action against the defendant as for a conversion of the property, but that their only remedy was by intervention in the original action in which the warrant of attachment had issued. If this was the ground of the

decision, there was error, as in such a case the party whose property is wrongfully attached may recover his damages for the seizure and conversion by a separate action against the wrongdoer. 35 Cyc., pp. 1818 and 1830; Cooley on Torts (3 ed., 1906, by Lewis), pp. 778 *et seq.; Gay v. Mitchell,* 146 N. C., 509; *Martin v. Buffalo,* 128 N. C., 305; Murfree on Sheriffs (Ed. of 1884), sec. 925. *Judge Cooley,* in his treatise on Torts, at p. 778, says that "wrongs by a sheriff to others than the parties to suits are generally a consequence of his mistakes or his carelessness. Thus, he may on an execution against one person, by mistake, seize the goods of another. He must, at his peril, make no mistake here." In this case, for example, the process of attachment authorized him to levy upon and seize only the goods or property of the defendant in the attachment suit, and not that of a stranger to the same, and when he levies and takes into his possession property not subject to seizure under the process, as in this case, when it belongs not to the defendant but to another, he subjects himself to an action for the wrong. He must be careful to see that he acts under the process and within the authority it confers. Cooley, *supra. Gay v. Mitchell, supra,* is an apt illustration of the principle. The sheriff held an attachment against a defendant therein, and levied it on property not belonging to that defendant, but to the plaintiff, and took possession of it. An action was brought by the owner of the property against him to recover damages for the conversion, and for injury to the property, which was machinery, by the freezing and rusting of the pipes and tubes and other parts, which could have been prevented by the exercise of ordinary care. This Court held that "on the testimony, if believed, an actionable wrong was undoubtedly established, and, under the charge of the court, the jury properly awarded the actual damages, which were the natural, probable, and direct result of defendant's wrong," and further said, "We do not well see how any other verdict could have been rendered." That case is much like ours, for there the attachment was issued and the levy and seizure was made under and by virtue of it, and there was no suggestion or intimation by the court, and no contention by the defendant, that the plaintiff should have proceeded by intervention in the attachment suit, and could not sue independently of it. We are not deciding whether the plaitiff could have resorted to an intervention, or interpleader, but whether he is compelled to do so, or can sue the sheriff directly for the wrong, as he would any other tort feasor.

The plaintiffs contend that there is the following objection to the judgment, which we state in their own language: "The court erred in rendering the judgment that it did. The judgment provided that the defendant DeHart have and recover of the plaintiffs the sum of $3,000. At the most, the defendant DeHart would be entitled to recover only

such amount not exceeding $3,000, as the plaintiff Bowman might recover of the defendant Coley in the Cherokee County action. Under the judgment as it stands, DeHart can issue execution and recover the full amount of the judgment without regard to the result of the other action, and without regard to the fact that he is holding this property only as sheriff, and as the legal custodian in the attachment proceeding, instituted by Bowman against Coley."

The answer to this objection is that as the defendant recovered judgment for the value of property held by him under the attachment, the money, which represents that property, would be held by him instead of it, and in the same plight and for the same purpose as the property would be if he still held possession of it. He certainly would not recover the damages for the purpose of appropriating them to his own personal use, but subject to the process of attachment which was issued to him from the court.

But when the case is again tried upon the evidence and the proper instructions, the question last considered, and all others which may be raised by the parties, will be determined and the appropriate judgment entered in the case. It is not necessary, if it would be proper, for us to now discuss them, as we cannot well anticipate in what precise form they will be presented. The case has not been tried by the jury upon the evidence, as the verdict was a directed one.

There was error in the charge of the learned judge, which requires that another trial be had.

New trial.