Action to recover damages for the wrongful conversion of a Ford truck, alleged to be the property of plaintiff. Said truck was levied upon by defendant, C. L. Spears, sheriff of Cabarrus County, on 7 July, 1922, under warrants of attachment issued by the Superior Court of said county in actions instituted in said court by defendants, Lowder Brothers, and B. A. Ford against Kannapolis Local Union No. 1238, Textile Workers of America, and W. G. Walter. B. A. Ford was surety upon the undertaking filed by Lowder Brothers, and Lowder Brothers were sureties upon the undertaking filed by B. A. Ford, in said actions. The said Ford truck was sold by the defendant, C. L. Spears, under executions issued upon judgments rendered in said actions, on 25 November, 1922, and the proceeds of said sale were applied as payments on said judgments under orders of the court. Defendants denied that plaintiff, J. F. Flowers, receiver, or that United Mercantile Company was the owner of said truck at the time same was levied upon and seized by the sheriff.
The jury answered the issues submitted to them as follows:
1. Was plaintiff the receiver of the United Mercantile Company as alleged in the complaint? Answer: Yes.
2. Was the plaintiff the owner and entitled to the possession of the truck as set out in the complaint? Answer: Yes.
3. If so, did the defendants wrongfully convert said truck as set out in the complaint? Answer: Yes.
4. What damage, if any, is plaintiff entitled to recover? Answer: $300.
From judgment on this verdict, defendants appealed to the Supreme Court. *Page 749 
The United Mercantile Company, a corporation, was organized on 2 April, 1921; thereafter, and until 24 July, 1922, when plaintiff, J. F. Flowers, was appointed receiver of said company, by the Superior Court of Cabarrus County, it was engaged in the mercantile business at Kannapolis, N.C.
There was evidence tending to show that on or about 14 April, 1921, said company bought from R. M. Housel a Ford truck, paying therefor $701.66. Mr. Housel testified that this sum was paid to him at the time he delivered the truck to the company. C. W. Swink, cashier of Cabarrus Savings Bank, identified a sheet of paper handed him, while testifying as a witness for plaintiff, as the sheet from the bank's ledger upon which the account of the United Mercantile Company was kept by the said bank. He was requested by plaintiff's attorney to state whether or not said sheet showed that a check for $701.66 was charged on said account. Defendants objected. Before complying with said request, in answer to questions of defendants' counsel, witness stated that he did not make the entries on said sheet; that they were made by a bookkeeper, employed by said bank at its branch at Kannapolis; that witness went occasionally from his office at Concord to Kannapolis and there examined the branch bank, and looked over its business; that the sheet shown was a part of the bank's records. Defendants' objection was overruled. The witness then stated that the sheet showed that a check for $701.66 was charged on 15 April, 1921, to the account of the United Mercantile Company. Defendant excepted. Plaintiff then offered the sheet in evidence for the purpose of corroboration. Defendants' objection was overruled and defendants excepted.
Defendants' assignments of error based on these exceptions cannot be sustained. R. M. Housel had testified that he received the sum of $701.66 at the time he delivered the truck to the United Mercantile Company. This testimony was offered as evidence that the United Mercantile Company paid the purchase price for the Ford truck. It was competent for that purpose. The issue submitted to the jury involved the ownership of the truck. The testimony was relevant as evidence upon the question of ownership. The testimony of the cashier of the bank was competent as evidence that the sheet exhibited to him was a part of the records of the bank. See S. v.Hendricks, 187 N.C. 327.
The fact that the cashier did not make the entries in the account shown on the sheet did not render his testimony incompetent. The entries were made by a bookkeeper, employed by the bank, who was under the supervision of the cashier. The fact that the cashier did not *Page 750 
personally handle the check and that he had no personal knowledge of the transactions recorded in the account, as shown by the sheet, did not render his testimony incompetent as based upon hearsay. Ins. Co. v. R. R.,138 N.C. 42; Currie v. Davis (S.C.), 126 S.E. 119. In both these cases, a record containing entries made in the usual course of business on train sheets by a train dispatcher, who testified as a witness, from reports telegraphed to him by station agents as to the arrival and departure of trains at their stations, was held competent evidence for the purpose of showing the position of a train at a certain time. In the instant case while the entries were not made by the cashier, they were made by a bookkeeper under his supervision and were accepted as correct by both the bank and the United Mercantile Company in their dealings with each other.
Nor does the testimony violate the well established rule that a litigant cannot be affected by the words and acts of others with whom he is in no way connected, and for whose sayings and doings he is not legally responsible. 22 C. J., 741. The record was offered not as evidence against defendants, but in support of the testimony of witnesses for plaintiff. InFalls v. Gamble, 66 N.C. 455, this Court held that evidence in regard to entries on a school register, offered for purposes of corroboration, of testimony as to the age of the grantor in a deed, was competent, ChiefJustice Pearson saying: "The rule, res inter alios acta, has no application." 22 C. J., 743. S. v. Morris, 84 N.C. 756.
Defendants in their answer, by way of further defense to plaintiff's cause of action, allege "that the officers and representatives of said United Mercantile Company and J. F. Flowers, the attorney and now receiver of said company, knew or by the exercise of due and reasonable care and diligence could have known of all the proceedings had in the said cases (i.e., the actions brought by defendants in which warrants of attachment under which the sheriff levied upon said truck as the property of Kannapolis Local Union No. 1238 and W. G. Walter were issued) of the time and place of sale of said Ford truck, since the time and place were widely and extensively advertised and that they at no time made and filed any protest or objected to the sale of the said Ford truck."
Upon the trial, defendants tendered as issues, in addition to those submitted by the court, the following:
"1. Is the plaintiff, by reason of his conduct and the conduct of the officers and representatives of the United Mercantile Company, estopped from maintaining this action against the defendants?
"2. Did the plaintiff, by his own acts and conduct and the acts and conduct of the officers of the United Mercantile Company, waive any *Page 751 
claim he might have had to maintain an action for damages for and on account of the seizure and sale of said truck?"
The court refused to submit these issues and defendants excepted and assign such refusal as error.
The warrants of attachment were issued on 7 July, 1922; on the same day defendant, C. L. Spears, sheriff, levied upon the Ford truck as the property of the defendants in said actions, to wit, Kannapolis Local Union No. 1238 and W. G. Walter; on 10 July, 1922, J. F. Flowers wrote to the sheriff advising him that he represented the United Mercantile Company and that the truck which he had seized was the property of said company and not the property of defendants in said action; he demanded the release of said truck from the levy and notified the sheriff that the United Mercantile Company would insist upon its rights as owner of the said truck.
Neither of the defendants in said actions filed answer, and on 4 September, 1922, judgment was rendered in each action in favor of the plaintiff therein and against the defendants for the amount claimed, it was further adjudged that the Kannapolis Local Union No. 1238, Textile Workers of America and W. G. Walter were the owners of the truck and other property attached by the sheriff; thereafter executions were issued upon said judgments and on 25 November, 1922, the sheriff under said executions sold the said truck at the courthouse door in Cabarrus County.
On 14 July, 1922, J. F. Flowers was appointed receiver of the United Mercantile Company by the Superior Court of Cabarrus County. Neither he nor anyone else representing the United Mercantile Company attended the sale of the said truck on 25 November, 1922.
The assignments of error based upon exceptions to the refusal of the court to submit the issues tendered by defendants cannot be sustained. No facts are alleged in the answer sufficient to support the defense that plaintiff was estopped or had waived his right to maintain this action, upon an allegation that he, as receiver of the United Mercantile Company, was the owner of the Ford truck, at the time it was seized and also at the time it was sold by the sheriff. Nor was there evidence from which the jury could find such facts. There is no contention that plaintiff was estopped by the judgments rendered in the actions, in which neither he nor the United Mercantile Company was a party. It is contended, however, that he is estopped because, with knowledge that the sheriff had seized said truck under the warrants of attachment, he did not intervene or interplead in the actions, and claim the truck as his property, and that by his failure to do so, prior to the sale, which had been extensively and widely advertised, he had waived the *Page 752 
right to assert his ownership of the truck in an action to recover damages for conversion. These contentions are not well founded.
One whose property has been attached by a sheriff, under a warrant issued in an action to which he is not a party, may intervene or interplead in the action, and demand judgment that he is the owner of the property, and an order directing the sheriff to release the property, C. S., 829-840. Or he may bring an action against the sheriff and the sureties on his official bond for the property or for damages for its conversion. Stein v.Cozart, 122 N.C. 280. Or he may bring an action against the plaintiffs in the action, at whose instance the warrant was issued, and the property wrongfully seized, joining the sheriff as a defendant or not as he sees fit; if the sheriff has taken an indemnity bond, he may sue the obligor and the sureties on such bond. Tyler v. Mahoney, 168 N.C. 237; Martin v.Buffaloe, 128 N.C. 305; Gay v. Mitchell, 146 N.C. 510; Latham v.DeHart, 183 N.C. 657. Plaintiff, as attorney for the United Mercantile Company, upon learning that the sheriff had levied upon and seized the truck, promptly wrote to the sheriff, advising him that this truck was the property of his client, and not of the defendants in the actions in which the warrants of attachment were issued. He warned the sheriff that his client would hold him liable for the seizure. The sheriff retained the truck and sold it, under the executions, at his peril. There is no evidence of any intention on the part of plaintiff, or of the United Mercantile Company prior to his appointment as receiver, to relinquish claim of ownership of the truck. There was no waiver of right to maintain this action, Mfg. Co. v. Building Co., 177 N.C. 107. There was no error in declining to submit the issues tendered by defendants.
We have examined the assignments of error based upon exceptions to instructions of the court to the jury. The controversy between the parties to this action involved the ownership of the Ford truck. This controversy was determined by the jury's answer to the second issue. The jury having found that plaintiff was the owner of the truck, as alleged in the complaint, upon the admission in the answer and upon all the evidence there was a wrongful conversion, for which all the defendants are liable to plaintiff. There was no exception to the evidence, or to the instructions relative to the issue as to damages. The judgment must be affirmed. There is
No error. *Page 753