DAVID WILLIAMS v. C. A. PERKINS AND J. P. BARNARD.

(Filed 15 September, 1926.)

1. Claim and Delivery—Statutes — Principal and Surety — Sheriffs — Wrongful Seizure of Property.

Where the landlord in claim and delivery pursues the remedy therein provided by statute, C. S., 831(1), 832, 833, 834, of certain farm products raised on the lands, particularly describing them, and in addition the sheriff has seized and retained some of the defendant's household furniture located on the premises, in an action by the defendant in that action against the plaintiff therein and the surety on his bond: *Held*, the plaintiffs in the present action cannot recover damages against the defendants in the claim and delivery proceedings for the wrongful detention of the household furniture not therein specified or described.

2. Same—Damages—Actions.

Where the sheriff has wrongfully seized certain personal property of the defendant in claim and delivery, not described therein as the subject of such seizure, the defendant may maintain an independent action for damages against the sheriff.

APPEAL by defendants from *Grady, J.,* and a jury, at April Term, 1926, of CURRITUCK. Modified and affirmed.

The material facts and assignment of error will be considered in the opinion.

*Ehringhaus & Hall for plaintiff.*
*Aydlett & Simpson for defendant.*

CLARKSON, J. Plaintiff, David Williams, was a tenant of the defendant, C. A. Perkins. A civil action was instituted by Perkins against Williams. In that action the plaintiff, Perkins, claimed the possession and title to certain corn, etc., raised on his land by Williams, as no settlement has been made for advancements, etc., for making the crops. The provisional or ancillary remedy of claim and delivery was taken out and the corn was seized by the deputy sheriff. The other defendant, J. P. Barnard, was surety on the bond in the claim and delivery proceedings. The action and claim and delivery proceedings were started before the recorder's court of Currituck County. At the hearing the action was dismissed for want of jurisdiction. Plaintiff then sued the defendant and his surety for the crops, corn, etc., wrongfully seized and also for certain articles of household furniture which plaintiff contended was in the barn with the corn and wrongfully seized, consisting of a bed, bedstead, oil-can, etc.

The fourth issue submitted to the jury and the answer thereto were as follows:

"What damages, if any, is plaintiff entitled to recover of the defendant because of the seizure and locking up of his bed, bedstead and other household effects? Answer: $50.00, with 6 per cent interest."

The exception and assignment of error of defendants to this issue: "Defendants requested the court to charge the jury that if they believed all the evidence and found the facts to be as testified that they should answer the fourth issue 'Nothing.'"

The affidavit of claim and delivery, in part C. S., 831 (1): "That the plaintiff is the owner of the property claimed (particularly describing it), or is lawfully entitled to its possession by virtue of a special property therein, the facts in respect to which must be set forth."

The clerk of the court shall (C. S., 832) "thereupon, and upon the giving by the plaintiff of the undertaking prescribed in the succeeding section, by an endorsement in writing upon the affidavit, require the sheriff of the county where the property claimed is located, to take it from the defendant and deliver it to the plaintiff."

The plaintiff's undertaking (C. S., 833): "The plaintiff must give a written undertaking payable to the defendant, executed by one or more sufficient sureties, approved by the sheriff, to the effect that they are bound in double the value of the property, as stated in the affidavit for the prosecution of the action, for the return of the property to the defendant, with damages for its deterioration and detention if return can be had, and if for any cause return cannot be had, for the payment to him of such sum as may be recovered against the plaintiff for the value of the property at the time of the seizure, with interest thereon as damages for such seizure and detention."

Duty of the sheriff (C. S., 834): "Upon the receipt of the order from the clerk with the plaintiff's undertaking, the sheriff shall forthwith take the property described in the affidavit, if it is in the possession of the defendant or his agent, and retain it in his custody. He shall also, without delay, serve on the defendant a copy of the affidavit, notice, and undertaking, by delivering the same to him personally, if he can be found, or to his agent, from whose possession the property is taken; or, if neither can be found, by leaving them at the usual place of abode of either, with some person of suitable age and discretion."

The record discloses that the affidavit described the property as corn, etc., and nothing in the affidavit indicated that the defendant, Perkins, claimed the possession of the bed, bedstead, oil-can, etc. The bond was given for the corn, etc. The order of the clerk was to seize the corn, etc. The duty of the sheriff was to seize the corn, etc.

Under all the facts, we doubt if the evidence is sufficient to show that the deputy sheriff seized the bed, etc. If the deputy sheriff did seize the bed, etc., wrongfully, an action might be brought against him or his principal or both, but not against the defendants.

In *Draper v. Buxton,* 90 N. C., 184, *Merrimon, J.,* says: "The mere fact that the sheriff sold the property under an execution in favor of the defendants was not evidence, nor was it a fact from which the jury could infer that the defendant had anything to do with the sale of the plaintiff's property. It was the duty of the sheriff in collecting the money specified in the execution, to sell, if need be, the property of the defendant therein—not that of some other person. That he sold the property of the plaintiff raises no presumption of fact that the defendant instructed him to do so, or ratified his act. Cooley on Torts, 127, 128, 129; *Lentz v. Chambers,* 5 Ired., 587."

Wrongful attachments are different from rightful claim and deliveries.

In *Mahoney v. Tyler,* 136 N. C., p. 40, it is held: "That a person leaves the State to seek work, for the purpose of prospecting with a view to change his residence, if desirable, does not sustain an attachment on the ground that the defendant was a nonresident. . . .

The successful defendant in attachment must seek relief for damages in a separate action on the undertaking."

In *Tyler v. Mahoney,* 166 N. C., 513, it is held: "Having been deprived of his property by process of law wrongfully and illegally sued out by the defendants, the law would be unjust to itself as well as to the plaintiff if it did not restore to him that of which he has wrongfully been deprived, or monetary damages in lieu thereof."

In *Tyler v. Mahoney,* 168 N. C., 238, it is held: "The plaintiff herein having been put out of the possession of his property by abuse of the process of the law which was invoked by these defendants, they are responsible to the plaintiff (the defendant in that action) for the damage which he sustained thereby. The sheriff was their agent to execute the mandate of the court, issued at their instance. If the sheriff acted negligently, he might also be responsible, and the sureties on the attachment bond are also responsible for the amount of the damage done. The plaintiff has not chosen to pursue either of these, as he might have done, but he has limited his demand to the principals at whose instance the process of the law was wrongfully put in motion." *Flowers v. Spears,* 190 N. C., 752.

The present action is not like the *Tyler case*—a wrongful attachment—but a lawful *claim and delivery.*

In *Mahoney v. Tyler,* 136, *supra,* p. 43, it is held: "There is no analogy between a proceeding like this and one for the assessment of

damages against a defendant where property has been seized under a requisition in claim and delivery (*Hall v. Tillman,* 110 N. C., 220), nor where the defendant has been arrested in a civil action and held to bail. (The Code, sec. 302; *Patton v. Gash,* 99 N. C., 280), nor for assessing damages against the plaintiff where an injunction has been issued on his application (The Code, sec. 341; *Timber Co. v. Rountree,* 122 N. C., 45), because the latter cases are governed by special statutory provisions. See, also, *R. R. v. Hardware Co.,* 135 N. C., 73." *McAden v. Watkins,* 191 N. C., p. 105.

In *Shute v. Shute,* 180 N. C., 389, it is held: " 'Where an injunction has been wrongfully issued, there is no liability for damages except upon the injunction bond, unless the party against whom the injunction was issued can make out his case of malicious prosecution by showing malice or want of probable cause on the part of the party who obtained it.' 22 Cyc., 1061, citing *Burnett v. Nicholson,* 79 N. C., 548. 'What is said to be the better rule, however, is that although a party may have his remedy on the bond, yet this is not exclusive, and he may, in a proper case, also have a right to maintain an action at law.' 14 R. C. L., p. 481, sec. 183, citing *Howell v. Woodbury,* 85 Vt., 504; Ann. Cas., 1914, D. 606; *Hubble v. Cole,* 88 Va., 236." *Davis v. Wallace,* 190 N. C., p. 548.

The case at bar is an action brought against the party who sued out a rightful *claim and delivery* and his bondsman. The sheriff or his deputy is not the agent of the party who sued out the claim and delivery, but he *is* an officer to carry out the mandate of the court.

The mandate of the court was to seize corn, etc., the property particularly described. The affidavit, the basis of the claim and delivery, was for corn, etc. The bondsman was responsible for that alone. If the sheriff or his deputy went beyond the mandate and seized other property—bed, etc.—the sheriff and his deputy are solely liable for the wrong done. Any other holding would require a party who sued out a claim and delivery and his bondsman to follow the sheriff or his deputy and see that he carried out the mandate of the court.

There is no evidence on the record that shows that the defendants received any benefit from the seizure of the bed, etc., or they ratified the act of the deputy. Any other holding would be unconscionable—making a party liable and responsible for the unauthorized wrong of another.

The court below should have given the prayer as requested by defendants as to the fourth issue. We see no merit in the other assignments of error.

The judgment of the court below, in accordance with this opinion, is
    Modified and affirmed.