J. W. GODWIN v. A. F. KENNEDY.

(Filed 31 October, 1928.)

1. **Agriculture—Fertilizers—Damages from Use of Inferior Fertilizer—Evidence—Statutes.**

While the certificate of the State Chemist showing an analysis of fertilizer is made prima facie evidence of the constituency of the fertilizer under C. S., 4697, such certificate is not admissible unless the samples of fertilizer are taken in accordance with the statute, but when objection to the admission of such certificate is withdrawn, error in its admission, if any, is cured, and *Held*, under the facts of this case, there was sufficient evidence of damage to crops from the use of such fertilizer to be submitted to the jury.

2. **Trial—Reception of Evidence—Objections and Exceptions.**

Where objection to the admission of evidence is withdrawn during the trial, error, if any in its admission, is cured thereby.

3. **Pleadings—Counterclaim—When Counterclaim May be Set Up.**

Damages for an alleged assault by an officer in taking goods under claim and delivery or false arrest by him, cannot be maintained as a counterclaim in an action upon a note given by the defendant to the plaintiff for fertilizer sold to him, as it does not arise out of, and is not connected with the subject-matter of the action, and does not accrue until after the commencement of the main action. C. S., 519, 521.

CONNOR, J., dissenting.

APPEAL by defendant from *Daniels, J.,* at April Term, 1928, of BERTIE.

Civil action to recover on a promissory note given for fertilizer warranted to be of high grade and expressly prepared for use in the cultivation of tobacco.

Defense was interposed on the ground of alleged failure of consideration; and a counterclaim was set up for loss of crops. A further counterclaim for assault and false arrest on the part of the officer who served the claim and delivery papers in this action was also pleaded.

Defendant offered two certificates of chemical analyses, one made by Robb & Arnold, of Richmond, Va., and the other by W. G. Haywood, Fertilizer Chemist, North Carolina Department of Agriculture, Division of Chemistry, both showing deficiency of ingredients in the fertilizer, which were at first excluded on plaintiff's objection, but later admitted on objection being withdrawn. Notwithstanding this evidence, the court held that the analyses were not made as required by the statute, hence he declined to submit an issue on defendant's counterclaim for loss of crops, and instructed the jury that the chemical analyses could only be considered on the question of alleged want of consideration. There was

no issue submitted as to the alleged assault and false arrest by the officer who served claim and delivery papers in the present action.

From a judgment in favor of plaintiff for the amount of the note the defendant appeals, assigning errors.

*W. R. Johnson and Craig & Pritchard for plaintiff.*
*Winston, Matthews & Kenney for defendant.*

STACY, C. J., after stating the case: We think the trial court erred in limiting the use of the chemical analysis, made by the State Chemist, to evidence tending to show want of consideration. *Fertilizer Co. v. Thomas,* 181 N. C., 274, 106 S. E., 835. True, it is provided by C. S., 4697, that "no suit for damages from results of use of fertilizer may be brought except after chemical analysis showing deficiency of ingredients" (unless other facts appear, not now pertinent), and when such analysis is had in accordance with the provisions of the statute, the certificate of the State Chemist, setting out the analysis, is made prima facie proof of the constituency of said fertilizer as shown thereby. But here, there was a certificate of the State Chemist, showing deficiency of ingredients of the fertilizer, in evidence without objection, hence it would seem that defendant was entitled to have his counterclaim for loss of crops submitted to the jury. *Swift & Co. v. Aydlett,* 192 N. C., 330, 135 S. E., 141. We are not now required to say whether the analysis made by the Richmond firm of chemists is competent as evidence on this phase of the case. Nor is the preliminary question as to whether the provisions of the statute were complied with, which go to the competency of the certificate of the State Chemist as prima facie proof of the constituency of the fertilizer, presented on this appeal, as the certificate was admitted without objection.

There was no error, however, in declining to submit an issue as to the alleged assault and false arrest by the officer who served the claim and delivery papers issued in the present action, for the very good reason, among others, that the alleged cause of action, set up herein as a counterclaim, did not arise out of, nor is it connected with, the subject-matter of plaintiff's claim, and it did not accrue until after the institution of the present suit. C. S., 519 and 521; *Phipps v. Wilson,* 125 N. C., 106, 34 S. E., 227; *Sewing Machine Co. v. Burger,* 181 N. C., 241, 107 S. E., 14; *Smith v. French,* 141 N. C., 1, 53 S. E., 435. See, also, *Williams v. Perkins,* 192 N. C., 175, 134 S. E., 417.

For the error, as indicated, a new trial must be awarded, and it is so ordered.

New trial.

CONNOR, J., dissenting: Defendant offered in evidence a paper-writing purporting to be a certificate showing the results of an analysis of samples of fertilizer made by the Fertilizer Chemist of the North Carolina Department of Agriculture. Plaintiff objected. There was evidence tending to show that samples of the fertilizer delivered by plaintiff to defendant were sent by defendant to the North Carolina Department of Agriculture for analysis. There was no evidence that these samples had been taken from the bags in accordance with the requirements of the statute. C. S., 4697. The court reserved its ruling upon plaintiff's objection to the certificate. Later during the trial plaintiff withdrew his objection to the certificate and agreed that same should be admitted as evidence.

The court, in the charge to the jury, limited this certificate as evidence upon the issue involving the contention of defendant that there was no consideration for the note sued on, for that the fertilizer delivered was not the fertilizer sold. The court was of opinion, and so held, that in the absence of evidence of an analysis of the fertilizer, made in accordance with the requirements of the statute, showing deficiency of ingredients, defendant could not recover on his counterclaim for damages to his crops resulting from the use of fertilizer. The certificate admitted as evidence, without objection, was competent to show the results of an analysis made by the State Chemist; but in the absence of evidence tending to show that this analysis was made as required by the statute, I am of the opinion that there was no error in the instruction of the court, or in its holding that there can be no recovery in this action by defendant of damages from results of use of fertilizer. See proviso in C. S., 4697. *Swift v. Aydlett,* 192 N. C., 330, 135 S. E., 141. I think the judgment should be affirmed.