MRS. GEORGE M. CORE v. W. T. McCOY AND COMPANY, F. A. CULP
　　AND S. L. CULP, TRADING AS CULP BROTHERS, AND ED MELLON
　　COMPANY.

(Filed 25 January, 1933.)

**Attachment J b—Attaching creditor held not liable to third person for wrongful attachment under facts of this case.**

> Where a writ of attachment is issued against the property of a nonresident stored in a warehouse, and certain furniture of the nonresident's mother, also stored in the warehouse in his name, is seized and sold by the officers, the mother may not recover the value of the furniture in an action against the attaching creditor where there is no evidence that the creditor was present or participated in the sale, or that he had knowledge of the mother's claim or received the proceeds of the sale with knowledge of the wrongful act of the officers.

APPEAL by defendants W. T. McCoy and Company and Culp Brothers from *Schenck, J.,* at February Term, 1932, of MECKLENBURG. Reversed.

The plaintiff alleged that she was the owner of certain personal property; that prior to July, 1930, she had lived in Charlotte with her married son V. R. Core; that her property had been in his home; that she and her son had left the city; that in storing his personal property in a warehouse her son had stored hers also in his name; that the defendants had levied an attachment against his property and had sold hers; that the defendants had converted her property and that she was entitled to recover its market value.

The defendants filed answers and as to the two appealing defendants the jury returned the following verdict:

　1. Was the plaintiff, Mrs. George M. Core, on 29 July, 1930, the owner of the furniture described in the complaint? Answer: Yes.

　2. Did the defendant, W. T. McCoy and Company, convert, or cause to be converted to its own use any part of said furniture? Answer: Yes.

　3. If so, what was the value of the property so converted by the said defendant, W. T. McCoy and Company at the time of such conversion? Answer: $449.69.

CORE *v.* McCoy AND COMPANY.

4. Was the negligence of Mrs. George M. Core the proximate cause of the conversion of her said furniture by the said defendant, W. T. McCoy and Company, as alleged in the answer? Answer: No.

2

1. Was the plaintiff, Mrs. George M. Core, on 29 July, 1930, the owner of the furniture described in the complaint? Answer: Yes.

2. Did the defendants, F. A. and T. L. Culp, trading as Culp Brothers, convert or cause to be converted to their own use any part of said furniture? Answer: Yes.

3. If so, what was the value of the property as converted by said defendants, F. A. and S. L. Culp, trading as Culp Brothers, at the time of such conversion? Answer: $113.84.

4. Was the negligence of Mrs. George M. Core the proximate cause of the conversion of her said furniture by the said defendants, F. A. and T. L. Culp, trading as Culp Brothers, as alleged in the answer: Answer: No.

Judgment against all the defendants, from which McCoy and Company and Culp Brothers appealed upon assigned error.

*Bridges & Orr for appellants.*
*J. Louis Carter and Thaddeus A. Adams for appellee.*

PER CURIAM. The plaintiff, living temporarily with her son, V. R. Core, went on a visit to her brother in West Virginia on 1 February, 1930. She left her furniture in her son's house in Charlotte. On 3 May, 1930, he left Charlotte and went to Chicago. He had become indebted to McCoy and Company in the sum of $129.15, to Culp Brothers in the sum of $32.70, and to Ed Mellon Company in the sum of $87.50. Before going to Chicago he stored his furniture and the plaintiff's in a warehouse and signed a storage contract in his own name. The defendants caused warrants of attachment to be issued against the property of V. R. Core, but not against the property of the plaintiff.

The appellants moved for judgment of nonsuit. They say that the plaintiff's allegations are not sustained by the evidence; that the appellants did not cause the officers to levy the attachment on the plaintiff's property; and that an attaching creditor who does not direct or assist the officer or otherwise aid him in committing a trespass is not liable in damages to a stranger or third party whose property is wrongfully sold.

In our opinion the motion for nonsuit should have been granted. The officer who sold the property is not a party to the action and the question of his liability is not before us. *Tatham v. DeHart,* 183 N. C., 657; *Gay v. Mitchell,* 146 N. C., 509. In declining the defendants' mo-

tion his Honor probably had in mind the case of *Flowers v. Spears,* 190 N. C., 747; but it will be seen by reference to the record in that case that the sheriff had been notified a short time after the warrant of attachment had been issued that the attached property was owned by the plaintiff, and that the court instructed the jury in reference to a sale by all the defendants, not by the sheriff alone. In the present case we find no evidence that the officer or the defendants had any notice, actual or constructive, of the plaintiff's claim, or that the defendants received any part of the proceeds of the sale with knowledge that any person other than the defendant had or claimed an interest in the property attached or that defendants with knowledge of the wrong ratified the officer's act.

The controlling principle has been stated as follows: "While an attaching creditor may be held liable, jointly with the levying officer and independently of any bond, for a wrongful seizure, under the attachment, of property of a person other than defendant in attachment, such liability is confined to cases in which he counseled, directed, or consented to the illegal act of the levying officer, or, knowing that the acts of the officer were wrongful or irregular, adopted, ratified, or confirmed them; and for a wrongful seizure with which the attaching creditor was not so connected he cannot be held liable, but the injured person must seek his redress solely against the levying officer and the sureties on his bond." 6 C. J., 416, sec. 966.

It is not contended that the evidence makes a case of malicious prosecution or abuse of process. *Wright v. Harris,* 160 N. C., 543; *Mahoney v. Tyler,* 136 N. C., 40. Judgment

Reversed.