STATE OF NORTH CAROLINA
v.
JAMES ANTHONY PARKER
No. COA08-1470
Court of Appeals of North Carolina
Filed June 2, 2009
This case not for publication
Attorney General Roy Cooper, by Assistant Attorney General Amy L. Funderburk, for the State
Winifred H. Dillon for defendant-appellant.
HUNTER, Robert C., Judge.
Defendant appeals from judgments entered on jury verdicts finding him guilty of assault inflicting serious injury, first degree kidnapping, and conspiracy to commit kidnapping. By the sole assignment of error brought forward, defendant contends the court erred by denying his motion to dismiss the charge of conspiracy to commit kidnapping. Defendant argues there is no evidence of a conspiracy.
The evidence of the State tends to show that on the evening of 7 January 2007 Christopher Mitchell was walking home when a lady in an automobile stopped and asked him "where to get some," referring to crack cocaine. Mitchell, who had worked as a confidential informant, got into the lady's vehicle and directed her to drive to the home of Ivey Hall approximately a block and a half away. The lady went into the house while Mitchell waited outside in the automobile. Ivey Hall approached the automobile and told Mitchell to get out of the car. Meanwhile, defendant picked up a block and placed it behind a tire of the car. Mitchell tried to lock the doors but Ivey and defendant pulled him out of the car. Proclaiming Mitchell "wouldn't snitch on nobody else," Hall and defendant beat, kicked and stomped on Mitchell. Defendant also struck Mitchell's face with a gun. Mitchell freed himself from his attackers and ran to his sister's house, where he collapsed and passed out. He was taken by ambulance to a hospital, where he was treated and released later that night. Mitchell experienced pain in his side and ribs for more than a month. He continued to experience severe headaches, numbness in his right hand as a result of nerve damage, and difficulty sleeping on his left side as of the time of trial.
A motion to dismiss requires a court to determine whether there is substantial evidence to establish each element of the offense charged and to identify the defendant as the perpetrator. State v. Earnhardt, 307 N.C. 62, 65-66, 296 S.E.2d 649, 651 (1982). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." State v. Smith, 300 N.C. 71, 78, 265 S.E.2d 164, 169 (1980). The court must consider the evidence in the light most favorable to the State, giving it the benefit of every reasonable inference that may be drawn from the evidence. State v. Brown, 310 N.C. 563, 566, 313 S.E.2d 585, 587 (1984). "The trial court does not weigh the evidence, consider evidence unfavorable to the State, or determine any witness' credibility." State v. Parker, 354 N.C. 268, 278, 553 S.E.2d 885, 894 (2001), cert. denied, 535 U.S. 1114, 153 L. Ed. 2d 162 (2002).
"A criminal conspiracy is an agreement between two or more persons to do an unlawful act or to do a lawful act in an unlawful way or by unlawful means." State v. Bindyke, 288 N.C. 608, 615, 220 S.E.2d 521, 526 (1975). "The agreement may be an express understanding or a mutual, implied understanding." State v. Bell, 311 N.C. 131, 141, 316 S.E.2d 611, 617 (1984). "As soon as the union of wills for the unlawful purpose is perfected, the offense of conspiracy is complete. This joint assent of minds, like all other facts of a criminal case, may be established as an inference of the jury from other facts proved; in other words, by circumstantial evidence." State v. Knotts, 168 N.C. 237, 251, 83 S.E. 972, 979 (1914).
"Kidnapping is the unlawful confinement, restraint, or removal of a person from one place to another for the purpose of: (1) holding that person for a ransom or as a hostage, (2) facilitating the commission of a felony or facilitating flight of any person following the commission of a felony, (3) doing serious bodily harm to or terrorizing the person, or (4) holding that person in involuntary servitude." State v. Bell, 359 N.C. 1, 25, 603 S.E.2d 93, 110 (2004), cert. denied, 544 U.S. 1052, 161 L. Ed. 2d 1094 (2005). Kidnapping in the first degree occurs when the kidnapped person is not released in a safe place or is seriously injured orsexually assaulted during the commission of the kidnapping. N.C. Gen. Stat. § 14-39(b) (2007).
The evidence in this case shows that defendant and Ivey Hall approached the vehicle in which Mitchell was a passenger. Defendant blocked the tire of the vehicle, thereby impeding Mitchell's ability to escape in the vehicle. Both men pulled Mitchell out of the vehicle and proceeded to beat, kick and stomp on him. As they did this, they told Mitchell that he would not be "snitching" on anybody else any more. Mitchell ultimately lost consciousness as a result of the beating he sustained. He continued to experience headaches, pain in his side, and numbness in his hand months later. Based upon this evidence, a jury could infer that defendant and Ivey Hall had an agreement or implied understanding to perpetrate the offense of first degree kidnapping upon Mitchell.
We hold the court properly denied the motion to dismiss.
No error.
Judges STEELMAN and JACKSON concur.
Report per Rule 30(e).